# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:25-cr-115 |
| KILMAR ARMANDO ABREGO GARCIA, | Judge Waverly D. Crenshaw, Jr. |
| *Defendant.* | |

## RESPONSE IN OPPOSITION TO MOTION TO STAY AND MOTION FOR REVOCATION OF RELEASE

i

Defendant Kilmar Armando Abrego Garcia ("Mr. Abrego") writes pursuant to the Court's order dated today, June 23, 2025, and in response to the government's motion to stay and motion for revocation. *See* ECF 48. Yesterday evening, Judge Holmes ruled that Mr. Abrego could not lawfully be held in pretrial detention without bail under the Bail Reform Act, 18 U.S.C. § 3142. ECF 43. Half an hour later, the government moved to stay and for revocation of Mr. Abrego's release, ECF 45-46, even though Judge Holmes set a hearing to determine release conditions for Wednesday, June 25. ECF 44. Because the government's knee-jerk motions are premature and its motion to stay fails even to grapple with the four-factor test for determining whether a stay of release is appropriate, the motion to stay should be denied and the Court should set a briefing schedule on the government's motion for revocation.[1]

First, the government's motions are premature, because there is not yet a release order to stay or revoke. No conditions of release have yet been set, and it is therefore impossible to consider whether any as yet unimposed conditions are insufficient to reasonably assure Mr. Abrego's appearance and the safety of the community under 18 U.S.C. § 3142(e). As a result, despite its conclusory statements to the contrary, *see* ECF 45 at 1; ECF 46 at 3 & n.1, the government's motions are not yet ripe for the Court's review.

Second, even assuming Judge Holmes's opinion could be stayed, the government does not even purport to apply the correct test for determining whether such a stay is proper. The government appears to take the position that if it disputes the Court's view of the evidence, then it is entitled to a stay. But the Bail Reform Act contains no automatic stay provision. *United States*

---

[1] The government has indicated that it "anticipates filing a brief in support of its Motion for Revocation expeditiously and within two weeks of receipt of the transcript" of the detention hearing. ECF 45 at 1. Because the government has not attempted to explain why revocation is proper under 18 U.S.C. § 3145(a), counsel for Mr. Abrego will not prematurely respond to the merits of that motion herein. Because the defense (and presumably the government) has now received the transcript of the detention hearing, the defense proposes the following briefing schedule: The government shall file its memorandum of law in support of its motion for revocation by July 2, 2025 (one week after the June 25 hearing) and the defense shall respond by July 9, 2025.

*v. Abass*, No. 25 Cr. 79, 2025 WL 1096795, at *2 (D.D.C. Apr. 11, 2025); *see also United States v. Pavon-Andino*, No. 25 Cr. 66, 2025 WL 446143, at *4 (D. Colo. Feb. 10, 2025) ("The government's request [to stay an order of release] was without a legal basis, citing only to the general legal principle that the government may appeal this Court's decision to the district court under 18 U.S.C. § 3145."). Because a stay is "an intrusion into the ordinary processes of administration and judicial review," it is not granted "as a matter of right." *Kentucky v. Biden*, 23 F.4th 585, 593 (6th Cir. 2022) (internal quotation marks omitted). Instead, courts apply the traditional four-factor balancing test to determine whether a stay of a release order is appropriate: "(1) whether the petitioner 'has made a strong showing that he is likely to succeed on the merits'; (2) whether the petitioner 'will be irreparably injured absent a stay'; (3) whether issuance of a stay will 'substantially injure' other interested parties; and (4) 'where the public interest lies.'" *United States v. Fox*, No. 17-3673, 2017 WL 11546291, at *1 (6th Cir. July 5, 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)); *see also United States v. You*, No. 20-5390, 2020 WL 3867419, at *1 (6th Cir. Apr. 22, 2020). Applying the correct test, the government's arguments fail.

The government makes no effort to explain why it is likely to succeed on the merits of its motion for revocation. *See, e.g.*, *United States v. Vasquez Robles*, No. 2:25 Cr. 51 (E.D. Va. Apr. 8, 2025), ECF 19 ("The Government's argument fails to address the findings made by Judge Leonard or to specifically articulate the Government's likelihood to succeed on the merits of its appeal."). In a thorough 51-page memorandum opinion, Judge Holmes held that the government failed to demonstrate a statutory basis for a detention hearing under 18 U.S.C. § 3142(f). Judge Holmes first found that the government failed to show that the offenses with which Mr. Abrego is charged "involve[] a minor victim," *id.* § 3142(f)(1)(E), because the government's evidence was

2

Case 3:25-cr-00115    Document 49    Filed 06/23/25    Page 3 of 9 PageID #: 447

unreliable and wholly insufficient. ECF 43 at 22-29. That "evidence" consisted primarily of a photograph of a questionable roster that purported to show a birth year of 2007 for one of the occupants of the vehicle driven by Mr. Abrego, and the dubious double hearsay testimony from a government agent relaying cooperating witnesses' allegations that Mr. Abrego's minor children allegedly accompanied him on cross-country trips from Maryland to Houston.[2] *Id.* Judge Holmes also concluded, based on an individualized assessment, that Mr. Abrego did not pose a serious risk of flight within the meaning of § 3142(f)(2)(A). *Id.* at 29-36. Judge Holmes explained that (1) Mr. Abrego's possible sentence, if convicted, was not so severe that it would present a risk of flight; (2) there was no evidence that Mr. Abrego would intentionally avoid appearing in this district; and (3) the "ICE detainer obviate[d] any serious risk of flight." *Id.* at 35. And Judge Holmes rightly rejected the government's Kafkaesque argument that the government's unlawful deportation of Mr. Abrego to El Salvador, in violation of a withholding of removal to that country and without affording him any due process, was somehow evidence of Mr. Abrego's risk of flight. *Id.* at 35-36. Judge Holmes further held that the government failed to establish that Mr. Abrego posed a risk of obstructing justice or threatening, injuring, or intimidating a witness (or attempting to take those actions) under § 3142(f)(2)(B). *Id.* at 36-42. Among other reasons, Judge Holmes explained that the government proffered insufficient evidence of Mr. Abrego's alleged membership in MS-13, hearsay testimony of a cooperating witness's general feelings of intimidation, and *ex parte* temporary orders of protection from more than four years ago (both of

---

[2] It is notable that, in its attempt to keep Mr. Abrego behind bars, the government has already promised leniency to three people in their immigration proceedings, including a leader and a member of a domestic human smuggling operation. *See* ECF 43 at 26. The former has been deported five times and has two prior felony convictions, and yet the government has granted him deferred action on deportation in exchange for his testimony, early release from prison to a halfway house, and is likely to grant him work authorization. *Id.* All to ensure that Mr. Abrego "will never go free on American soil." Katelyn Polantz, *Judge Says Justice Department Failed to Make Case for Abrego Garcia's Detention Ahead of Criminal Trial*, CNN (June 22, 2025), https://www.cnn.com/2025/06/22/politics/abrego-garcia-detention-trial (statement by Tricia McLaughlin, spokesperson for Department of Homeland Security).

3

which were dismissed within one year of issuance without a final evidentiary hearing). *Id.* at 39-42. After determining that there was no basis for detention under the Bail Reform Act, Judge Holmes nevertheless considered the factors set forth in § 3142(g) and held that the government failed to demonstrate that there were no conditions of release that will reasonably assure Mr. Abrego's appearance and the safety of the community. *Id.* at 42-51.

In asserting that a stay of the release order is warranted, the government identifies no purported factual or legal error in Judge Holmes's decision warranting a different result, let alone any errors that demonstrate a "*strong* showing that [it] is likely to succeed on the merits" of its motion for revocation. *Nken*, 556 U.S. at 426 (emphasis added). Instead, the government rehashes its own gloss of the evidence—which Judge Holmes carefully analyzed and rejected—and summarily states that it has "moved for revocation of the Release Order pursuant to 18 U.S.C. § 3145(a)(1)." ECF 46 at 3. The government's recitation of its own view of the evidence is insufficient to justify the "extraordinary relief" of a stay. *Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971). Nor has the government identified "any additional information that the Court did not factor into its decision or any information that it could obtain to add detail to its argument." *Pavon-Andino*, 2025 WL 446143, at *4 (denying motion to stay release order pending appeal to the district judge); *see Abass*, 2025 WL 1096795, at *5 (same).

The government also does not argue that it will be irreparably injured absent a stay, but in any case, it will not. First, because the government has not made any effort to argue that it is likely to prevail on the merits, it will not be irreparably harmed if a stay is not imposed. *See Abass*, 2025 WL 1096795, at *5; *United States v. Khanna*, 703 F. Supp. 3d 1309, 1316 (N.D. Okla. 2023). Second, the government's arguments that it will somehow be injured by Mr. Abrego's release ring hollow. The government does not even attempt to rebut Judge Holmes's reasoned conclusions that

4

Mr. Abrego does not present a serious risk of flight or obstruction. ECF 43 at 29-42. Instead, the government is worried that, if returned to immigration detention when released from pretrial detention, another department of the executive branch will seek to deport Mr. Abrego while he is awaiting trial in this case. ECF 46 at 3-4. The government's concerns about a possible self-inflicted injury by its Executive Branch colleagues at the Department of Homeland Security do not amount to an irreparable injury requiring that Mr. Abrego remain in unlawful pretrial detention. "[T]hat harm is threatened by the government itself and does not provide a basis for a stay." *United States v. Vasquez-Robles*, No. 25 Mag. 55, 2025 WL 1090884, at *7 (E.D. Va. Apr. 7, 2025); *see also United States v. Espinoza-Ochoa*, 371 F. Supp. 3d 1018, 1024 (M.D. Ala. 2019) ("The Court will not be put in the position of arbitrating policy decisions between the Department of Justice and the Department of Homeland Security."). In any case, it seems unlikely that the Department of Homeland Security would initiate removal proceedings—presumably against the express wishes of the Department of Justice—before the Court has a chance to decide the government's motion for revocation under 18 U.S.C. § 3145(a). *See Pavon-Andino*, 2025 WL 446143, at *5; *Espinoza-Ochoa*, 371 F. Supp. 3d at 1024. And were the Court to revoke Mr. Abrego's release, it would not be difficult for the government to re-detain him, whether he is in immigration detention or released on bail as the Bail Reform Act contemplates. *Pavon-Andino*, 2025 WL 446143, at *5. For these reasons, the government cannot establish the irreparable harm necessary to warrant a stay.

The harm to Mr. Abrego, however—the third factor considered in the *Nken* analysis—is very real. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Whether in pretrial or immigration detention, custodial determinations in our constitutional system are carefully delimited by statute. Absent fulfillment of those statutes' requirements, ongoing,

5

unlawful detention constitutes irreparable harm to Mr. Abrego. *See, e.g.*, *Hardy v. Fischer*, 701 F. Supp. 2d 614, 619 (S.D.N.Y. 2010). Further, given that "the public interest lies in granting bond to any defendant who qualifies for it," *Vasquez-Robles*, 2025 WL 1090884, at *7 (citing *Salerno*, 481 U.S. at 755), and because Judge Holmes's carefully reasoned opinion shows that Mr. Abrego is so qualified, the final two factors weigh in Mr. Abrego's favor.

In sum, the government's motion is premature, and even if Judge Holmes's opinion were ripe for the government's requested relief, the *Nken* factors do not favor a stay. The government should instead follow the proper procedure for the Court to review a release order (after Mr. Abrego has been ordered released at or after the hearing on June 25) under 18 U.S.C. § 3145(a).

## **CONCLUSION**

For the foregoing reasons, Mr. Abrego asks that the Court deny the government's motion to stay and set the following briefing schedule on the government's motion for revocation: The government shall file its memorandum of law in support of its motion for revocation by July 2, 2025, and the defense shall respond by July 9, 2025.

Dated: June 23, 2025  
      New York, New York

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker*  
Jenna M. Dabbs*  
David Patton*  
HECKER FINK LLP  
350 Fifth Avenue, 63rd Floor  
New York, NY 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
shecker@heckerfink.com  
jdabbs@heckerfink.com  
dpatton@heckerfink.com

\* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 23, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203.

                                                /s/ Sean Hecker