IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| | ) | |
| | ) | JUDGE HOLMES |
| | ) | |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

**RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO DELAY ISSUANCE OF RELEASE ORDER**

COMES NOW the United States of America, by and through the Acting United States Attorney Robert E. McGuire, and attorneys Jacob Warren, Chris Eason, and Jeremy Franker of the Department of Justice and makes the following Response to the Defendant's Motion to Delay Issuance of Order of Release (DE # 63.) The United States submits that it does not oppose a delay in the issuance of the Court's forthcoming release order.

However, the United States submits that the characterizations in the Defendant's Motion are wrong. The Government in this case has previously and clearly advised this Court (and Judge Crenshaw) that the Defendant may face deportation should he be released from U.S. Marshals' custody. (DE # 14, 46). Given that the Defendant was first deemed deportable back in 2019—and a copy of that order was made an exhibit to the detention hearing by the Defendant's previous counsel— this should not be a surprise to the defense and is certainly not a surprise to this Court[1]. The defense has vigorously contested the Government's detention motion knowing full well that they were not arguing functionally for his release at liberty but for his release into the custody of

---

[1] *See e.g.* DE # 43. "Either Abrego will remain in the custody of the Attorney General or her designee pending trial if detained under the Bail Reform Act or he will likely remain in U.S. Immigration and Customs Enforcement ("ICE") custody subject to anticipated removal proceedings that are outside the jurisdiction of this Court."

the Department of Homeland Security (DHS) where he has a detainer pending further immigration proceedings; given his current order of removal, these proceedings would logically include his potential deportation from the United States to another country.[2] The Government has never "threatened" to remove the Defendant from the United States in relation to proceedings in this case, as alleged by the defense. (DE # 63, PageID #: 861.) Instead, the Defendant has faced potential deportation throughout the proceedings by dint of his 2019 order of removal (and the contemporaneous finding that he cannot be deported to El Salvador) which was admitted *by the defense* as an exhibit in the record and which, as this Court has previously noted, has existed as the backdrop of the detention litigation from the outset. Whatever those immigration proceedings will bring, they have been known possibilities since the advent of the case.

The United States has previously argued that the Defendant should remain in federal custody in part so that the Government could present their evidence in court, to a jury if necessary, and hold the Defendant accountable for the crimes alleged by the federal grand jury in the Indictment. The criminal case is not "a sham" as the defense claims. Rather, it is the product of a federal investigation which includes *video evidence* of the Defendant, on camera, smuggling illegal aliens and then, also on camera, lying to law enforcement about his activities. The United States has argued before this Court that the Defendant is a danger based on two sworn statements from his own wife that the United States submits are both truthful and disturbing; the United States did not concoct her sworn statements about the domestic violence she suffered out of whole cloth.

The prosecution intends to see this case to resolution. Yet as stated before this Court as recently as June 25, 2025, DHS will and must follow their own process, relevant regulations, the

---

[2] *See* DE # 43. ("Perhaps the sole circumstance about which the government and Abrego may agree in this case is the likelihood that Abrego will remain in custody regardless of the outcome of the issues raised in the government's motion for detention.")

existing federal statutory scheme, and appropriate case law in handling the Defendant's future immigration proceedings and potential deportation. The Department of Justice has committed to coordinate with DHS to deliver the Defendant to court appearances in this case knowing that, because of the orders in the criminal case denying the Government's Motion for Detention and the Government's Motion to Stay Release Order, the Defendant will (absent a change in those orders) remain in ICE custody facing deportation. (DE # 65.)

Ultimately, this Court has evaluated some of the evidence in this case and made determinations under the Bail Reform Act, but this Court has steadfastly and appropriately refused to comment on whether the case is "strong" or "weak" as it relates to the Defendant's ultimate guilt or innocence. Were this Court to have detained the Defendant pending trial, the Court would have certainly been clear in that instance —based on undersigned counsel's long experience before this Court—that the Court's findings were not a comment on the Defendant's guilt or an infringement on his presumption of innocence. The converse principle is true here. Therefore, the Court's findings under the Bail Reform Act and release order cannot—and should not—be seen as an assessment by this Court of the strength of the Government's case as to guilt. The United States knows that the Court would join the United States in rejecting the premise that the Court's determinations under the Bail Reform Act make any comment on that score.

In conclusion, the United States agrees to a delay in the issuance of the release order pending further orders of this Court.

Respectfully Submitted,

 /s/ Robert E. McGuire
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203

*/s/ Jake Warren*
Jake Warren
Co-Director, Task Force Vulcan

*/s/ Chris Eason*
Chris Eason
Co-Director, Task Force Vulcan

*/s/ Jeremy Franker*
Jeremy Franker
Deputy Director, Task Force Vulcan