IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:25-CR-00115 |
| v. | ) | |
| | ) | JUDGE CRENSHAW |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

## PARTIES' JOINT PROPOSED PROTECTIVE ORDER

The United States' Motion for a Protective Order is GRANTED.

It is hereby **ORDERED** that the defendant shall have access through his criminal defense team[1] to all discovery material subject to further orders of this Court, but that copies of the any and all discovery materials in this case shall not be provided to the defendant for his retention, excepting the defendant's own statements and communications and the contents of any of his electronic devices or accounts. The defense team shall also be permitted to disclose discovery material to any person whose testimony was or will be taken in this action, provided that the material is disclosed only in preparation for, during, or in review of the person's testimony, and the person shall not retain discovery material after his or her testimony has concluded.

It is hereby **ORDERED** that if the defendant makes contemporaneous notes during his review of discovery materials, those notes shall not be retained by the defendant but shall be maintained by his defense team in their possession for his continued use.

---

[1] This Order defines the defendant's criminal defense team as the attorneys who are listed as counsel of record for the defendant in Case Number 3:25-cr-00115, their respective law firms, and experts and/or investigators retained by the defendant in defense of the criminal case. This Order applies equally to any member of the defense law firms even if they are not counsel of record in this case.

1

It is hereby **ORDERED** that further dissemination of any discovery materials to any person, organization, or entity outside the defendant and the criminal defense team in this case (*i.e.*, the general public, members of the media, other attorneys, etc.) is prohibited. Any filing of discovery materials must be done under seal pending further orders of this Court. The proper names of any civilian, non-law enforcement, individuals described in the Government's discovery shall not be used in public filings absent specific orders of the Court but can be identified by initials with care taken not to identify the individual by other context including, but not limited to, a description of where they live, their relationship to other witnesses, or other specific characteristics of that individual that could allow a reader to readily identify that individual.

Nothing in this Order prevents defense counsel from reviewing these materials with the defendant.

Nothing in this Order prevents the defendant from using any of his own private documents.

Nothing in this Order precludes any party from referring to discovery materials in public filings subject to the constraints described above.

IT IS SO ORDERED.

_____  _____
Date                                                            WAVERLY D. CRENSHAW, JR.
                                                                     United States District Judge