# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:25-cr-115 |
| KILMAR ARMANDO ABREGO GARCIA, | Judge Waverly D. Crenshaw, Jr. |
| *Defendant.* | |

**SUPPLEMENTAL SUBMISSION REGARDING THE
GOVERNMENT'S VIOLATIONS OF
LOCAL CRIMINAL RULE 2.01**

Yesterday, this Court denied the government's motion for revocation (Dkt. 95), and the United States District Court for the District of Maryland granted Mr. Abrego certain relief in his immigration-related civil case.[1] Shortly after those decisions were issued, the Department of Homeland Security ("DHS") made multiple inflammatory statements attacking Mr. Abrego and the judges presiding over both cases. These highly inappropriate and prejudicial comments underscore the need to ensure that all officials at DHS comply with Local Criminal Rule 2.01. (*See* Dkt. 94).

First, after the opinions were issued in this case and in Maryland, the official DHS account on X posted the following statement calling this Court "LAWLESS"[2]:



Second, DHS Assistant Secretary for Public Affairs Tricia McLaughlin issued a statement calling Judge Xinis "unhinged," mischaracterizing the nature of the charges in this case, labeling

---

[1] Judge Xinis ordered that, upon release in this case, Mr. Abrego not be taken into custody, including, but not limited to, Immigration and Customs Enforcement ("ICE") custody; that he be restored to his ICE Order of Supervision of the Baltimore Field Office; and that, should the government commence third-country removal proceedings, it provide him with at least 72 hours' notice before removing him to a third country and identify the country to which removal is sought. Order, *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX (D. Md. July 23, 2025), Dkt. 239.
[2] Homeland Security (@DHSgov), X (July 23, 2025, at 4:32 P.M.), https://x.com/DHSgov/status/1948119106785362028.

1

Mr. Abrego an "MS-13 gang member," and expressing the intention to defy court orders.[3] She also posted similar statements on her official X account[4]:



---

[3] *Judge pauses Kilmar Abrego Garcia's release from federal custody*, NBC (July 23, 2025), https://www.nbcnews.com/news/us-news/judge-orders-kilmar-abrego-garcia-released-federal-custody-rcna217953 (McLaughlin: "The facts remain, this MS-13 gang member, human trafficker and illegal alien will never walk America's streets again. The fact this unhinged judge is trying to tell ICE they can't arrest an MS-13 gang member, indicted by a grand jury for human trafficking, and subject to immigration arrest under federal law, is LAWLESS AND INSANE. . . . Kilmar Abrego Garcia will remain in criminal custody for the time being. It will be a cold day in hell before this criminal illegal alien is back on American streets.").

[4] *See* Tricia McLaughlin (@TriciaOhio), X (July 23, 2025, at 2:58 P.M.), https://x.com/TriciaOhio/status/1948095425459761224; Tricia McLaughlin (@TriciaOhio), X (July 23, 2025, at 3:36 P.M.), https://x.com/TriciaOhio/status/1948104840896266500.



These are exactly the kinds of statements that Local Criminal Rule 2.01 recognizes are likely to prejudice Mr. Abrego's right to a fair trial, as Mr. Abrego has already argued about similar statements the government has made. (*See* Dkt 69 at 11-13; Dkt 94 at 2). The government has persisted in its efforts to use press statements outside of court to persuade the public of its allegation that Mr. Abrego is a member of MS-13—an allegation the Court described, just yesterday, as "border[ing] on the fanciful." (Dkt. 95 at 32). These repeated public statements are

3

likely to taint the jury pool. They are likely to endanger Mr. Abrego and his family. And they violate this Court's Local Criminal Rules and Mr. Abrego's due process rights.

The Court's intervention is required to protect Mr. Abrego's right to a fair trial, his safety, and the integrity of these proceedings. Accordingly, Mr. Abrego respectfully requests that the Court grant his Motion to Ensure Compliance with Local Criminal Rule 2.01, clarify that the obligations of Local Criminal Rule 2.01 apply to DHS, and order the government to notify all officials at DHS that are involved in the investigation of Mr. Abrego, and all officials in their supervisory chain, of the requirement to comply with this Court's rules regarding extrajudicial statements. (Dkt. 94).

Dated: July 24, 2025  
      New York, New York

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker*  
Jenna M. Dabbs*  
David Patton*  
HECKER FINK LLP  
350 Fifth Avenue, 63rd Floor  
New York, NY 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
shecker@heckerfink.com  
jdabbs@heckerfink.com  
dpatton@heckerfink.com  

* admitted *pro hac vice*

Rascoe Dean (No. 034209)  
SHERRARD ROE VOIGT & HARBISON PLLC  
1600 West End Avenue, Suite 1750  
Nashville, Tennessee 37203  
Telephone: (615) 742-4200  
Fax: (615) 742-4539  
rdean@srvhlaw.com  

*Counsel for Defendant Kilmar Armando Abrego Garcia*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker