IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES ) | |
| ) | Case No. 3:25-cr-00115 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| KILMAR ARMANDO ABREGO GARCIA ) | |

**O R D E R**

Pending before the Court is the motion of the defendant Kilmar Armando Abrego Garcia ("Abrego") to modify release conditions and to issue an order of release (Docket No. 106), which is **GRANTED**. Abrego is **ORDERED** released after processing, subject to all conditions of release recited in the order setting conditions of release appended hereto, which are incorporated by reference as if set out fully herein and the following additional conditions and modifications:

1. Abrego shall be released, by no later than 5:00 p.m. (CDT) on August 22, 2025, to the custody of his counsel or their designated representative, whose name and other identifying information shall be provided to the United States Marshals Service, and which shall coordinate Abrego's transportation to Maryland provided for below and Abrego's transfer to the custody of his brother, as the designated third-party custodian.

2. To the extent necessary, the appended conditions of release are clarified that Abrego is placed in the third-party custody of his brother, who was identified in documents previously submitted to the Court, to the United States, and to Pretrial Services,

3. Prior to or upon his release, Abrego, along with his counsel or their designated representative, shall meet with the appropriate Pretrial Services Officer, to arrange for the previously ordered electronic location monitoring of Abrego and to again review the conditions of release with Abrego, with the assistance of an interpreter (which can be telephonic) to be provided by defense counsel. The specific details of Abrego's meeting with Pretrial Services shall be

coordinated among his defense counsel, the United States, Pretrial Services, and any other necessary stakeholders.

4. Once these steps are completed, Abrego shall travel directly to Maryland, where he must report, by phone, to Pretrial Services for the District of Maryland by no later than 10:00 a.m. (EDT) on Monday, August 25, 2025. Thereafter, Abrego must remain in the custody of his brother as the designated third-party custodian and in compliance with all conditions of pretrial release.

5. Abrego is reminded, as stated in the conditions of release appended hereto, that he must comply with any conditions of release, bond, or bail imposed by any other governmental agency, including, without limitation, Immigration and Customs Enforcement ("ICE") or Department of Homeland Security. Abrego is further reminded that, if he is taken into ICE custody, he is required by the conditions of his release to consent to being transported back to this district for further proceedings in this case.

Additionally, should Abrego be taken into ICE custody following his return to Maryland, the United States, specifically, but without limitation, ICE authorities, Department of Homeland Security officials, and/or Department of Justice officials, shall ensure that, while Abrego remains in ICE custody, he has access to his attorneys, both physically and via telephone, to allow Abrego to prepare for trial in this case.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA           )
                                   )
v.                                 )          3:25-cr-00115
                                   )
Kilmar Armando Abrego Garcia       )
*Defendant*

## ORDER SETTING CONDITIONS OF RELEASE

[ ] The government not having requested detention,

[X] The Court having determined that the defendant may be released on conditions, upon denial of the government's motion for detention,

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve any sentence imposed.

The defendant must appear at: _____
                                           *Place*

On _____
              *Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant is released on his/her own recognizance or, if an appearance bond is required, must sign an appearance bond.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

[X] (6) The defendant is placed in the custody of the following, whose address has been provided to Pretrial Services; *and with whom the defendant must reside at the address provided*

    Person or organization: _____

    Person: _____

Who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: *Sworn declaration admitted into evidence at*
        Custodian *the detention hearing*    Date

Signed: _____
        Custodian    Date

[X] (7) The defendant must:

    [X] (a) submit to supervision by and report for supervision by Pretrial Services as instructed.

    [X] (b) continue or actively seek employment

    [ ] (c) continue or start an education program

    [X] (d) surrender any passport to Pretrial Services, *as directed by Pretrial Services*

    [X] (e) not obtain a passport or other international travel document

    [X] (f) not travel outside the Middle District of Tennessee unless approved in advance by pretrial services *and the District of Maryland*

    [X] (g) avoid all contact, directly or indirectly, with any person who is or may be a co-defendant, a victim or witness in the investigation or prosecution, including: *except family members who the government alleges or may later allege to be victims, witnesses or co-defendants, but no discussion of this case outside presence of counsel*

    [X] (h) get medical or psychiatric treatment: *anger management the program directed or approved by Pretrial Services*

    [X] (i) participate in a mental health evaluation and/or program if required by pretrial services with the cost to be determined by pretrial serviced based on ability to pay or availability of insurance.

    [ ] (j) return to custody each *other* _____ at _____ .m. (CT) after being released at _____ .m. (CT) for employment, schooling, or the following purposes: _____

    [ ] (k) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

[X] (l) not possess a firearm, ammunition, destructive device, or other weapon

[X] (m) not use alcohol   [ ] at all   [X] excessively

[X] (n) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

[X] (o) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

[ ] (p) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer, which may be followed by up to 90 days in a half-way house with payment of all or part of cost to be determined by pretrial services based on ability to pay or availability of insurance.

[ ] (q) participate in a remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol, with payment of all or part of cost, including equipment damage, to be determined by pretrial services based upon ability to pay or availability of insurance.

[X] (r) participate in one of the following location restriction programs and comply with its requirements as directed.

    [ ] (i) **Curfew**. You are restricted to your residence every day

        [ ] (A) from _____ to _____ OR
        [ ] (B) as directed by the pretrial services office or supervising officer; or

    [X] (ii) **Home Detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other essential activities approved in advance by the pretrial services office or supervising officer; or

    [ ] (iii) **Home Incarceration**. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

    [ ] (iv) **Stand Alone Monitoring**. You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

[X] (s) Submit to the following location monitoring technology and comply with its requirements as directed and pay all or part of the cost of location monitoring, including equipment damage, based upon ability to pay as determined by the pretrial services or supervising officer:

    [X] (i) Location monitoring technology as directed by the pretrial services officer; or
    [ ] (ii) Voice Recognition; or
    [ ] (iii) Radio Frequency; or
    [ ] (iv) GPS; or

[ ] (v) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that (1) the monitoring software is function, (2) the required configurations (e.g. locational services) are unaltered; and, (3) no efforts have been made to alter the mobile application.

[X] (t) report as soon as possible, and within 48 hours, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops

[X] (u) permit pretrial services to visit at home or elsewhere without advance notification within the discretion of Pretrial Services and permit confiscation of any contraband observed in plain view of the Pretrial Services officer(s)

[X] (v) for as long as the defendant remains in ICE custody, he ~~will~~ consent to being transported to this Court for ~~future~~ proceedings in this case

[X] (w) ~~must~~ comply with any conditions of release, bond, or bail imposed by any other governmental agency, including ICE or Department of Homeland Security

[X] (x) not have contact, directly or indirectly, with any known MS-13 gang member

[ ] (y) _____

[ ] (z) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) An offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) Any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) A misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

It is further ordered that the conditions listed above are imposed for Defendant's release pursuant to 18 U.S.C. § 3142(h) and are effective upon Defendant's release.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: June 25, 2025

*Defendant's signature*

**Directions to the United States Marshal**

[ X ]    The defendant is ORDERED released after processing, subject to the conditions listed above.

[   ]    The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

It is SO ORDERED.

Date: August 21, 2025

<u>　　SIGNED ABOVE　　　　　　　　</u>
BARBARA D. HOLMES
United States Magistrate Judge

DISTRIBUTION:         COURT    DEFENDANT         PRETRIAL SERVICE    U.S. ATTORNEY         U.S. MARSHAL