# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-CR-00115 |
| KILMAR ARMANDO ABREGO GARCIA, | ) |
| Defendant. | ) |

## UNITED STATES MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE AND SELECTIVE PROSECUTION

Comes now the Plaintiff, The United States of America, by and through Robert E. McGuire, Acting United States Attorney, and Jacob Warren, Christopher Eason, Jeremy Franker, and Jason Harley, United States Department of Justice, Joint Task Force Vulcan, and respectfully requests an extension of time until September 15, 2025, to respond to the defendant's Motion to Dismiss for Vindictive and Selective Prosecution and the supplemental filings. (Docs. No. 104, 113).[1]

It is common in this District for the Government to engage in plea negotiations with defendants charged with federal crimes at the onset of a case. This case is no different. Following the July 16, 2025, evidentiary hearing, the parties almost immediately began to engage in plea negotiations. Until this past Friday, August 22, 2025, the Government was operating under the impression that these plea negotiations were ongoing and being conducted in good faith by both sides. Unfortunately, the defendant's August 23, 2025, supplement to the vindictive prosecution

---

[1] For brevity, the Government presumes that the Court is aware of the case's procedural posture as outlined in the case filings and, therefore, it has not repeated all the case activity in this motion.

motion now portrays these discussions, and the Government's actions in reliance on these discussions, as sinister and coercive.[2] This is not true. Their most recent assertions are dishonestly made. Moreover, defense counsel's misleading commentary on these discussions through a public and incendiary filing—apparently designed to garner the sort of media attention they have previously decried—raises the concern that this Court is now left with a misimpression of the true facts. More importantly, they have used the content of those negotiations as fodder for their vindictive prosecution motion and supplement to the same, which the Government now must respond to within a week.

The Government first notes that the parties submitted an Agreed Proposed Scheduling Order (DE # 100-1) with a motion deadline of October 10, 2025, and response deadline of October 24, 2025, deadlines that the Court later adopted in the Court's scheduling order. (DE # 103.) For unknown reasons, the defense chose to file this pre-trial motion nearly six weeks earlier than the Court's deadline (a deadline that the defense had previously agreed to). Given that the parties and the Court had all envisioned a schedule where briefing on pre-trial motions was concluded by the end of October, the Government respectfully submits that a reasonable extension of the Government's Response deadline of two weeks—from September 2, 2025, until September 15, 2025 — to incorporate the recent events is critical to accurately apprise the Court of the true facts giving rise to the current case posture.

For example, on July 18, 2025, just two days after the hearing, defense counsel contacted the Government and stated that the defendant was willing to engage in plea negotiations. *See*

---

[2] Ordinarily, the Government would never publicly disclose plea discussions made pursuant to FED.R.EVID. 410. However, defense counsel has already publicized those negotiations and described them dishonestly in its misleading supplement to the vindictive prosecution motion. Therefore, the Government must now correct the record, so the Court is not misled as to the real facts.

Exhibit 1 at 3. From the outset, it was the defendant's attorneys who first raised and required that any plea agreement must "also resolve [defendant's] outstanding immigration issues by ensuring that upon the completion of his sentence, he is deported to a Spanish-speaking third country in North or Central America – like Mexico – where he can live freely and safely without the specter of refoulement to El Salvador." *Id.* at 2 – 3. Prior to this demand, the Government had never offered a third-party country placement for the defendant as part of a plea to his criminal charges. Much less had the Government made an attempt to "coerce" the defendant into an involuntary plea of guilty as the defendant now claims.

The Government, in good faith, began in earnest to search for a third-party country placement which was described by the defendant as a necessary part of any plea agreement. As illustrated in the attached exhibit, the Government went through a great deal of effort to reach a potential plea agreement and constantly communicated its efforts with defense counsel. For almost six weeks, both parties, as evidenced by the email correspondence (which were followed by multiple phone calls and subsequent emails), were interested in a potential plea agreement and actively working towards the same. The defendant, for his part, requested a stay to his release as negotiations continued expeditiously. (DE # 93.) In addition to seeking an acceptable third-party country to be deported to as part of any plea agreement, the defense also wanted a solid assurance from that country directly about the conditions upon the defendant's arrival in that country. The Government told defense counsel that such assurance from a foreign government may not be easily accomplished in thirty days.

However, ultimately, and in response to the defendant's desires expressed through his counsel, the Government delivered on its end of the bargain and provided such assurances from Costa Rica, a country the defendant (not the Government) had previously identified as a country

acceptable to him for deportation. In response, defense counsel used the third country placement that they requested as part of its supplemental vindictive prosecution motion just 48 hours later, twisting the Government's good-faith efforts into something sinister, and blatantly misleading the Court about the true progression of this case following the July 16, 2025, evidentiary hearing.

Now, the Government, after relying on defense counsel's representations to its detriment, must respond to the recent events and the vindictive prosecution motion in less than a week despite the dramatic landscape change within the past 48 hours.[3] Consequently, the Government asks for an additional two weeks to gather and analyze the necessary information related to the motion, and the events surrounding six weeks of plea negotiations, to refute the bald-faced falsities contained in the supplemental motion filed on August 23, 2025. For example, contrary to the defense representation that the plea discussions were "preliminary" and that the Defendant "had little choice but to participate in those discussions" (DE #113, FN4), *both* the Government *and* the defense were negotiating for almost six weeks. These negotiations and exchanges were not preliminary; they were almost concluded and nearly resolved this case. Just when the Government presented agreement and assurance on a critical part of the plea agreement that the defense had been lobbying in favor of *for weeks*, they filed a motion before this Court alleging coercion. These allegations then were widely reported in the media and appear to have been designed exactly for that purpose rather than an honest one, especially since the defense still wanted to consider the allegedly "coercive" plea agreement just hours after making that filing and inquired if the offer was still "open." It was, despite their antics.

---

[3] Plea discussions even continued through the weekend of August 23-24, 2025. The Government still worked with defense counsel on a potential plea agreement even after these motions were filed in hopes of resolving the case in the interests of justice.

Two additional weeks to respond to the Defendant's Motion and supplement will provide the Government the necessary time to identify and present the evidence in its response that will undoubtedly demonstrate that the Government was not only not vindictive in this case, but applied great effort, always in good faith and in the interests of justice, to accommodate the defendant's requests – even in a clear-cut criminal case, where the defendant is committing the crimes on video, and the Government's evidence is overwhelming.

For these reasons, and in the best interests of justice, the Government respectfully requests that the Court extend the deadline to respond to the defendant's filings at Docket Entries 104 and 113 until September 15, 2025.

Respectfully Submitted,

*/s/ Robert E. McGuire*
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203

*/s/ Jacob Warren*
Jacob Warren
Co-Director, Task Force Vulcan

*/s/ Christopher Eason*
Christopher Eason
Co-Director, Task Force Vulcan

*/s/ Jeremy Franker*
Jeremy Franker
Deputy Director, Task Force Vulcan

*/s/ Jason Harley*
Jason Harley
Task Force Vulcan