IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF
TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS
FOR VINDICTIVE AND SELECTIVE PROSECUTION**

i

Kilmar Armando Abrego Garcia respectfully submits this opposition to the government's motion for an extension of time to respond to his motion to dismiss for vindictive and selective prosecution. Ordinarily, we would agree, as a matter of professional courtesy, to a request for an extension, after first consulting with our client. But the government has unilaterally re-arrested our client, notified us of its intention to deport him to Uganda, and rendered him (at least temporarily) unavailable to us.[1] As a result, we cannot consult with him about this or any other matter. Given the unique posture—one caused entirely by the government—we must oppose the government's request.

*First*, the Court should reject the government's contention that it "must respond to the recent events and the vindictive prosecution motion in less than a week despite the dramatic landscape change within the past 48 hours." (*See* Dkt. 114 at 4). The "dramatic landscape change" is, of course, the product of the government's unilateral decision to arrest Mr. Abrego and notice his deportation to Uganda, thereby depriving him of the pretrial release ordered by this Court. The government should not now receive an extension to mitigate the consequences it caused. Specifically, on Friday, the government announced—to Mr. Abrego and to the world[2]—that it

---

[1] The defense requested Mr. McGuire's assistance in facilitating contact with our client after he was detained by ICE, and Mr. McGuire, after consulting with representatives of HSI and ICE, provided the general contact phone number and email address for ICE's Baltimore Field Office, where Mr. Abrego was arrested this morning. Defense counsel called that phone number to request a legal call, and the operator was unable to schedule a call, directing counsel to send an email. Counsel then emailed the ICE email address and requested a legal call; we have yet to receive any response. This process does not comply with Magistrate Judge Holmes's release order, which required the government to facilitate access to Mr. Abrego if he were taken into ICE custody. (*See* Dkt. 112 at 2).

[2] The government has spent the past few days—indeed, as discussed in many filings before this Court, the past few months—leaking and speaking openly to the media, crowing about its impending deportation of Mr. Abrego. *See, e.g.*, Naomi Lachance et al., *'He Isn't Getting Away': Trump Admin Plans to Send Kilmar Abrego Garcia to Uganda*, Rolling Stone (Aug. 23, 2025), https://www.rollingstone.com/politics/politics-features/trump-kilmar-abrego-garcia-uganda-el-salvador-release-1235414423/ (quoting a "[s]enior Trump administration official" who stated that

1

intended to deport Mr. Abrego to Uganda 72 hours hence. (*See* Dkt. 113, Ex. B). Today, when Mr. Abrego reported to the ICE field office in Baltimore, ostensibly for an interview, he was immediately taken into custody.[3] Just hours ago, DHS confirmed that it is "thrilled" that Mr. Abrego, an "MS-13 gang member, human trafficker, wife beater, and child predator[,] is being processed for removal to Uganda."[4] The President of the United States responded to Mr. Abrego's arrest by describing him as an "animal" and repeating a litany of baseless (but highly prejudicial) allegations.[5] Attorney General Pam Bondi similarly expressed her satisfaction with this turn of events.[6] Having taken the very steps that caused any purported exigency, the government should

---

"[w]e are not going to stop coming after him. If this criminal wanted amnesty, he should have prayed for Kamala to win. She didn't. President Trump did….He isn't getting away"); *America Will Be the 'Safest Nation' By the Time President Trump's Presidency Ends, Says Tom Homan*, Fox News (Aug. 24, 2025), https://www.foxnews.com/video/6377332527112 (Tom Homan, the White House "border czar," stating on Fox News that Mr. Abrego is "not going to walk the streets of this nation" and calling him a "criminal alien…a member of MS-13…a wife-beater…a human trafficker…[and] a bad person [who is] not going to be here"); Rapid Response 47 (@RapidResponse47), X (Aug. 25, 2025 at 11:43 a.m.), https://x.com/RapidResponse47/status/1960005089034432835 (Attorney General Pam Bondi stating at a press conference in the Oval Office that "we have got [Mr. Abrego] under control" and that "he will no longer terrorize our country").

It is therefore surprising—particularly on the same day the Attorney General of the United States stated, in the Oval Office, that Mr. Abrego would "no longer terrorize our country"—to see the government's complaint that Mr. Abrego was courting media through "a public and incendiary filing." (Dkt. 114 at 2). Please. The feigned indignation hardly merits a response. But suffice it to say that Mr. Abrego's statement of his position in a court filing is entirely proper, whereas the government's prejudicial extrajudicial statements are not and have never been compliant with either this Court's rules and rulings or the government lawyers' ethical obligations.

[3] Alan Feuer et al., *Abrego Garcia Detained Again After Administration Signaled It Would Re-Deport Him*, N.Y. Times (Aug. 25, 2025), https://www.nytimes.com/2025/08/25/us/politics/kilmar-abrego-garcia-arrested-ice-deportation.html.

[4] DHS (@DHSgov), X (Aug. 25, 2025 at 12:58 p.m.), https://x.com/DHSgov/status/1960023878048063625.

[5] Rapid Response 47, *supra* note 2.

[6] *Id.*

not now be heard to complain. And if the government were to release Mr. Abrego from immigration detention and delay any removal until after resolution of the motion to dismiss, we would gladly agree to the requested extension. We suspect that the government has no interest in that proposal.

*Second*, read in conjunction with the government's other actions on Friday and this morning, it is difficult to reach any conclusion other than that the government seeks to delay its response until after Mr. Abrego is deported, at which point it will argue that it does not have to respond at all, and that the Court need not decide the motion.[7] The government has moved its deportation proceedings as expeditiously as possible, and yet seeks to slow-roll its response to Mr. Abrego's motion in this case.[8] The government's attempt to now buy time speaks volumes. Perhaps, having repeatedly failed to persuade courts of its inflammatory and false allegations about Mr. Abrego at bail hearings, and having seen Mr. Abrego's motion to dismiss, the government is no longer so interested in seeing "what American justice looks like."[9] But the Court should not permit the government to delay explaining itself, or being held to account for this vindictive and selective prosecution, at least for so long as the government simultaneously insists on detaining Mr. Abrego and seeking to deport him.

---

[7] The government complains that Mr. Abrego "chose to file [his] motion [to dismiss] nearly six weeks earlier than the Court's deadline" for "unknown reasons." (Dkt. 114 at 2). The reason is simple: Mr. Abrego moved to dismiss the government's case promptly out of the (well-founded, it turns out) fear that the government would seek to avoid accountability for its vindictiveness by deporting him before this Court had the opportunity to adjudicate the motion.

[8] The government's slow-rolling is not limited to the motion to dismiss. The government also still has not responded to a discovery request letter sent more than six weeks ago, and, to date, has seemingly not produced anything close to complete discovery.

[9] *Attorney General Bondi News Conference*, C-SPAN (June 6, 2025), https://www.c-span.org/program/news-conference/attorney-general-bondi-news-conference/660932.

3

*Third*, and finally, the government has known since Thursday, when the Court ordered it to respond to Mr. Abrego's motion by September 2, 2025 (*see* Dkt. 111), that it had to respond on a faster timeframe than October 24, 2025, albeit still within the fourteen days the government typically gets to respond to motions under the Court's Local Rules. *See* L. Crim. R. 12.01(c)(2). It chalks up today's request for extra time to its need to respond to Mr. Abrego's short supplemental filing adding recent facts the government already knew. (*See* Dkt. 113). The government's ability to promptly address those facts in its own supplemental submission belies its claimed need for more time to sort out how to respond to that part of the relevant facts. (*See* Dkt. 114).[10]

## **CONCLUSION**

For the foregoing reasons, Mr. Abrego asks that the Court deny the government's motion for an extension of time to respond to Mr. Abrego's motion to dismiss for vindictive and selective prosecution.

---

[10] We will not respond in full here to the government's many allegations of "bald-faced falsities," or bad faith with respect to the parties' plea negotiations. Now, we will simply note that Mr. Abrego's counsel's participation in good-faith plea negotiations, based on its expectation that the government would seek to deport Mr. Abrego to an inhospitable third country as retaliation for his public resistance to his unlawful deportation and any refusal to plead to these charges, does not absolve the government of its constitutional and ethical responsibility not to engage in such rank coercion in the first place. Critically, nowhere in the government's disparagement-laden submission is there any explanation for how its plea offer would be anything but coercive and, indeed, vindictive, given that it was hastily cobbled together at the eleventh hour when it became clear that Mr. Abrego would be exercising his legal right to pretrial release on Friday. Nor has the government sought to explain why it set the expiration of its plea offer on the same morning that it demanded Mr. Abrego surrender to an ICE field office. On these facts and others, it is impossible to take seriously the government's assertion that this case is "no different" from others where the government has engaged in early plea negotiations. (*See* Dkt. 114 at 1).

Dated: August 25, 2025
    New York, New York

Respectfully submitted,

 /s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker