| | |
|---|---|
| **From:** | McGuire, Robert (USATNM) |
| **To:** | Rascoe Dean; Sean Hecker; Jenna Dabbs; David Patton |
| **Cc:** | Warren, Jacob (NSD); Eason, Chris (USATXE); Franker, Jeremy (CRM); Harley, Jason (USAOKW) |
| **Subject:** | RE: Discussions |
| **Date:** | Saturday, July 19, 2025 3:24:07 PM |
| **Attachments:** | Abrego Garcia--Draft 2025.07.18 Motion to Stay Issuance of Order on Motion for Revocation - Govt edits.docx |

Rascoe –

Thanks very much for sending this. We think we'll need at least 30 days to work out the terms of a plea in this case. As I mentioned in my last email, we'll be working with the State Department on what we gather from your email is the most important aspect of any plea from Mr. Abrego's perspective: an appropriate third-party country that would receive Mr. Abrego. Realistically, we don't think a week is enough time to work out all of those details and get assurances that everyone can live with. To that end, I've attached a revised draft that we think covers the ideas of why a 30 day stay makes sense but doesn't refer to plea discussions; this is a draft we can definitely consent to.

Let us know what you think. We think it would be a good idea to get this filed this weekend and ping Judge Crenshaw's chambers to the stay request. Thanks –

Rob

---

**From:** Rascoe Dean <rdean@srvhlaw.com>
**Sent:** Friday, July 18, 2025 9:08 PM
**To:** McGuire, Robert (USATNM) <Robert.McGuire@usdoj.gov>; Sean Hecker <shecker@heckerfink.com>; Jenna Dabbs <jdabbs@heckerfink.com>; David Patton <dpatton@heckerfink.com>
**Cc:** Warren, Jacob (NSD) <Jacob.Warren2@usdoj.gov>; Eason, Chris (USATXE) <Chris.Eason@usdoj.gov>; Franker, Jeremy (CRM) <Jeremy.Franker@usdoj.gov>; Harley, Jason (USAOKW) <Jason.Harley@usdoj.gov>
**Subject:** [EXTERNAL] RE: Discussions

Rob,

Thanks for getting back to us so quickly and for your willingness to engage in plea discussions.

We agree that a stay allowing Mr. Abrego to remain in USMS custody while we negotiate a potential plea could make sense. To that end, we've attached a draft motion to stay the issuance of the release order in the event that the government's revocation motion is denied. We welcome your feedback on the draft.

Thanks,

Rascoe

GOVERNMENT EXHIBIT 3

**From:** McGuire, Robert (USATNM) <Robert.McGuire@usdoj.gov>
**Sent:** Friday, July 18, 2025 5:54 PM
**To:** Rascoe Dean <rdean@srvhlaw.com>; Sean Hecker <shecker@heckerfink.com>; Jenna Dabbs <jdabbs@heckerfink.com>; David Patton <dpatton@heckerfink.com>
**Cc:** Warren, Jacob (NSD) <Jacob.Warren2@usdoj.gov>; Eason, Chris (USATXE) <Chris.Eason@usdoj.gov>; Franker, Jeremy (CRM) <Jeremy.Franker@usdoj.gov>; Harley, Jason (USAOKW) <Jason.Harley@usdoj.gov>
**Subject:** RE: Discussions

Rascoe –

Thanks very much for this email. We are willing to discuss a global resolution of both the defendant's criminal case and the deportation issue along the lines you've suggested below. We completely agree that it is important the plea discussions be kept confidential. We will have to coordinate with the State Department to discuss options on a potential third country removal, particularly one with the kind of assurances Mr. Abrego is seeking; I expect that will take some additional time to work through.

Given that, does it make sense for us to discuss a stay to the potential release order in the criminal case so we can make sure Mr. Abrego remains in USMS custody as we continue to talk through these details? If you all think that has value, we are open to a further stay for the purposes of these discussions. Please let us know what you think about that when you all have a chance to discuss it. Judge Crenshaw forecast that his order would likely happen "next week" but I don't know if that will be Monday or later on. I suspect we would be fine with a motion that asks for a stay but does not reveal that we are in plea discussions; we're happy to review a possible pleading to see if we could sign off on it.

Look forward to talking soon –

Rob

**From:** Rascoe Dean <rdean@srvhlaw.com>
**Sent:** Friday, July 18, 2025 1:56 PM
**To:** McGuire, Robert (USATNM) <Robert.McGuire@usdoj.gov>
**Cc:** Sean Hecker <shecker@heckerfink.com>; Jenna Dabbs <jdabbs@heckerfink.com>; David Patton <dpatton@heckerfink.com>
**Subject:** [EXTERNAL] RE: Discussions

Hi Rob,

I am writing to follow up on your offer to engage in plea discussions regarding Mr. Abrego's case. Mr. Abrego is willing to discuss a potential plea with the government. However, Mr. Abrego is only interested in a plea deal that also resolves his outstanding immigration issues

by ensuring that upon the completion of his sentence, he is deported to a Spanish-speaking third country in North or Central America—like Mexico—where he can live freely and safely without the specter of refoulement to El Salvador.

If you and your colleagues are willing to work with Mr. Abrego to resolve his case along those lines, we welcome plea discussions. We only ask that our plea negotiations be kept completely confidential. Please let us know at your earliest convenience whether the government is interested in discussing a plea along these lines.

Thanks,

Rascoe

---

**From:** McGuire, Robert (USATNM) <Robert.McGuire@usdoj.gov>
**Sent:** Sunday, July 13, 2025 2:53 PM
**To:** Rascoe Dean <rdean@srvhlaw.com>; Sean Hecker <shecker@heckerfink.com>; Jenna Dabbs <jdabbs@heckerfink.com>; David Patton <dpatton@heckerfink.com>
**Cc:** Warren, Jacob (NSD) <Jacob.Warren2@usdoj.gov>; Eason, Chris (USATXE) <Chris.Eason@usdoj.gov>; Franker, Jeremy (CRM) <Jeremy.Franker@usdoj.gov>; Harley, Jason (USAOKW) <Jason.Harley@usdoj.gov>
**Subject:** Discussions

All –

I wanted to cover a couple of issues in this email. First, we've talked about the trial dates you all proposed and think that 1/27, 2/3, 2/10, or 2/17 (all in 2026) work for us. We'd plan to recommend those dates to the Court at the hearing on Wednesday.

Second, I understand that we've started to provide discovery (at least based on the email traffic between our paralegals and members of your team) and we'll continue to provide materials as we receive them. Let me know if there are any issues with the initial production so we can get that sorted out. I expect Judge Crenshaw will want to hear a discovery update on Wednesday.

Finally, here in MDTN, we customarily make a plea agreement offer in a case at the time we provide discovery. In this case, if the Defendant pleads guilty to the indictment, what makes the most sense to us is what we call here an "open" plea where both sides would be able to recommend whatever sentence they think is appropriate. We would recommend all three points for acceptance at this time but reserve the right to not seek the third point as the case continues and the closer that we get to trial. We are open to discussing guideline applications to see if we can find an agreement via 11(b)(1)(B) to jointly recommend guideline applications. Part of the reason for this email is to open plea discussion dialogue within, as always, the context of Rule 410. I have always handled any plea discussions in confidence and plan on doing that in this case. If there is interest in those discussions on your side, please let us know. Also happy to do that over a Teams call if easier/more productive.

Thanks -

Rob



Robert E. McGuire
Acting United States Attorney
Middle District of Tennessee
719 Church Street, Suite 3300
(615) 736-5151

------- Sherrard Roe Voigt & Harbison, PLC Disclaimer -------

THIS IS A CONFIDENTIAL COMMUNICATION protected by the attorney-client privilege and the work product doctrine. If you are not the intended recipient of this communication, please delete it immediately without opening any attachments. Please notify the sender by reply e-mail that you received this e-mail in error or call (615) 742-4200.

------- Sherrard Roe Voigt & Harbison, PLC Disclaimer -------

THIS IS A CONFIDENTIAL COMMUNICATION protected by the attorney-client privilege and the work product doctrine. If you are not the intended recipient of this communication, please delete it immediately without opening any attachments. Please notify the sender by reply e-mail that you received this e-mail in error or call (615) 742-4200.