IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S STATUS REPORT REGARDING DISCOVERY RELATED TO HIS MOTION TO DISMISS FOR VINDICTIVE AND SELECTIVE PROSECUTION**

In accordance with the Order entered on October 3, 2025 (Dkt. 140), Defendant Kilmar Armando Abrego Garcia, by and through undersigned counsel, respectfully submits this status report and states as follows:

1. **Agreed Topics for Discovery**

In accordance with the Court's Order, Mr. Abrego's counsel met and conferred with the government on the afternoon of Tuesday, October 7. Because the government would not commit to producing any documents whatsoever, the parties came to no agreement with respect to the scope of discovery.

2. **Topics of Disagreement**

Notwithstanding the Court finding that Mr. Abrego is entitled to discovery (Dkt. 138 at 1), the government did not commit to producing any documents in response to the Court's Order and Mr. Abrego's requests. The parties' topics of disagreement, therefore, start with whether the government will produce any discovery at all.

Mr. Abrego, for his part, has been mindful of the Court's direction in its memorandum opinion that the scope of discovery on this matter should be narrow. (*See* Dkt. 138 at 15). To that end, he has further tailored his requests from Paragraph 17 of his initial discovery letter dated July 13, 2025.

Mr. Abrego seeks communications and documents shared among decisionmakers—who he is not presently able to identify, but who presumably include high-level officials (or members of their staff) at the Department of Justice, Department of Homeland Security, State Department, and/or the White House—about the decision to reopen the investigation into Mr. Abrego and ultimately to prosecute him. He seeks communications for a narrow time period: from March 24, 2025, when Mr. Abrego challenged his unlawful deportation, through June 6, 2025, when his indictment was announced and he was brought back to the United States.[1] In accordance with the Court's instruction to narrow his requests for communications and documents relating to his return from El Salvador, (*see* Dkt. 138 at 15), Mr. Abrego seeks such communications only to the extent that they directly relate to, and/or expressly refer to, the decision to reopen the investigation and ultimately bring the charges in this case.

The government's position, as it was communicated to us at the meet and confer, is that even a narrowed version of the requests that the Court described as a "good place to start" (Dkt.

---

[1] As we explained in the meet and confer with the government, Mr. Abrego seeks communications extending through June 6, 2025 because a number of public statements highly relevant to the motion to dismiss were made in conjunction with the announcement of the charges against him that day, such as the statement from Deputy Attorney General Todd Blanche on June 6 that the Court noted in its opinion "could be direct evidence of vindictiveness." (Dkt. 138 at 7). Internal communications relating to those public statements are likely to provide relevant evidence of the intent of the officials making the statements.
    We note that there is ample evidence of vindictiveness—including in numerous public statements from high-level officials—post-dating June 6, but we propose this date limitation to ensure the discovery sought is appropriately tailored to the Court's Opinion and Order directing narrow discovery on these issues.

2
Case 3:25-cr-00115     Document 146     Filed 10/09/25     Page 2 of 6 PageID #: 1542

138 at 15) would be a non-starter: the government is not prepared to commit to produce any documents or communications in the possession of any part of DOJ, DHS, or the White House—not even documents in the immediate possession of the United States Attorney's Office for the Middle District of Tennessee.

Indeed, though Mr. McGuire acknowledged that he has documents and communications in his possession likely relevant to Mr. Abrego's motion—including communications with at least one attorney in the DAG's office, and responsive internal communications with Mr. Schrader—Mr. McGuire could not commit to producing *any* of these apparently responsive documents.

With regard to relevant and responsive documents in the possession of other components of the federal government, including DOJ, DHS, and the White House, Mr. McGuire confirmed that he had not communicated with the custodians of relevant documents, inquired as to whether such documents exist, or directed their preservation. Mr. McGuire informed us that he had simply "flagged" for the DAG's office the Court's Opinion and Order. But he confirmed that he has never asked any questions of anyone in Main Justice, DHS, or any other agency about either the substance of Mr. Abrego's allegations of vindictiveness or about any evidence potentially relevant to those allegations.

In sum, it appears from the parties' discussions that the government intends to stand on its position that the only intent that matters in this case was Mr. McGuire's. But this Court has already rejected that position based on controlling Circuit law. (*See* Dkt. 138 at 12). The government's apparent refusal to produce discovery relevant to Mr. Abrego's motion—which, as the Court found, has made out a *prima facie* case of presumptive vindictiveness based on actions and statements of those at the highest levels of the justice system—is a refusal to comply with the Court's order, a refusal that also renders the government unable to rebut Mr. Abrego's

demonstrated, *prima facie* case of vindictiveness. (Dkt. 138 at 15). To the extent the government maintains this position, dismissal of this case is the only proper remedy.

3. **Timetable to Complete Discovery**

The defense cannot propose a timetable for completion of discovery given that the government has not agreed to produce any discovery at all. Like the Court, the defense is eager to proceed as expeditiously as possible. But we cannot commit to a hearing date without knowing whether, or when, or how much, discovery, if any, will be produced. And if the government persists in its blanket refusal to comply with the Court's order to produce discovery, a hearing may not be required before the Court decides the pending motion for dismissal.[2]

Dated: October 9, 2025　　　　　　　　　　　　Respectfully submitted,
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/ Sean Hecker
　　　　　　　　　　　　　　　　　　　　　　　Sean Hecker*
　　　　　　　　　　　　　　　　　　　　　　　Jenna M. Dabbs*
　　　　　　　　　　　　　　　　　　　　　　　David Patton*
　　　　　　　　　　　　　　　　　　　　　　　HECKER FINK LLP
　　　　　　　　　　　　　　　　　　　　　　　350 Fifth Avenue, 63rd Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10118
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 763-0883
　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 564-0883
　　　　　　　　　　　　　　　　　　　　　　　shecker@heckerfink.com
　　　　　　　　　　　　　　　　　　　　　　　jdabbs@heckerfink.com
　　　　　　　　　　　　　　　　　　　　　　　dpatton@heckerfink.com

　　　　　　　　　　　　　　　　　　　　　　　* admitted *pro hac vice*

---

[2] We also note our objection to the government's refusal to produce Mr. Abrego for an important conference in his criminal case. The government had a week's time to transport Mr. Abrego the 700 miles between the Moshannon Valley Processing Center, where he is currently in federal custody, and Nashville. Having made the purely discretionary decision to detain Mr. Abrego after this Court ordered him released, the government should not now be heard to say that it is too difficult to produce him for all of his court proceedings.

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker