IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| | ) | |
| | ) | JUDGE CRENSHAW |
| | ) | |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

## NOTICE REGARDING DEFENDANT'S MOTION FOR GAG ORDER

COMES NOW the United States of America, by and through Robert E. McGuire, Acting United States Attorney, and submits the following Response to the Defendant's "Motion and Memorandum of Law In Support of Issuance of Order Requiring Department of Justice and Department of Homeland Security Officials to Refrain from Making Prejudicial and Extrajudicial Statements" (DE #118) and pursuant to this Court's prior order (DE # 132.)

The Defendant functionally seeks to police the speech of two Cabinet Secretaries regarding a matter squarely within their job responsibilities in an area of public concern. In making this significant request, the Defendant offers this Court no rubric under which the Court can assess whether these statements "pose a substantial likelihood of materially prejudicing this proceeding" going forward. Were the Court to grant the relief the Defendant requests, this Court would then have the unenviable task of monitoring each statement made by senior government officials, making a determination about it, providing a due process hearing regarding such a statement, and issuing sanction if a violation occurs. The Defendant offers no standard for how the Court should do this and, at core, appears to hope that this Court will simply tell the Attorney General of the United States and the Secretary of Homeland Security (among others) to be quiet until after trial.

Interestingly, the defense counsel has not taken their own prescription and have made multiple comments accusing the government of coercion and other misconduct.

Thankfully, there is a far simpler and more straightforward way to deal with the Defendant's concerns. There is no question that the Court will make sure that the Defendant receives a fair trial from jurors untainted by prejudicial comments—whether made by government officials or the defense attorneys in this case—and has already ordered a process specifically designed to weed out jurors who may be influenced by such statements. More is not required. Therefore, the Defendant's Motion should be denied.

The Defendant cites statements made by the President of the United States, the Attorney General of the United States and the Secretary of Homeland Security in his brief. (DE # 118, PageID # 1323-1325.) The President, as the only nationally elected leader, is vested by Article II of the United States Constitution to "take care that the laws be faithfully executed." Article II also invests the President with the power (subject the "advice and consent" of the Senate) to nominate and appoint Cabinet members to assist him with those responsibilities. In modern times, both the President and those Cabinet members regularly make public comments designed to advance the goals of the President's agenda and promote their conception of the common good. Virtually no statement or public comment on any subject by the President or a Cabinet member is made without subsequent controversy in some quarter[1]. Therefore, it is exceedingly difficult for a district judge to adequately police the routinely controversial public comments of national leaders who are commenting on subjects within their area of responsibility. Were a court to tell a national leader

---

[1] Any controversy engendered by a public officials' statements is not confined to the current holders of these offices. Virtually *any* statement by *any* President (past, present, and likely future) engenders some form of controversy. Similarly, the public pronouncements of Attorneys General or Secretaries of Homeland Security (past and present and, likely, future) are almost all received, at least by some, as controversial.

not to comment on a subject within their area of responsibility, it is likely that the Sixth Circuit would hold that such a restriction to be a "prior restraint" on their First Amendment rights.

A prior restraint is an "administrative" or "judicial order[ ]" that forbids protected speech in advance. *Alexander v. United States*, 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). An action taken after the speech is expressed, like a punishment for disfavored speech, is not a prior restraint. *Id.* at 554, 113 S.Ct. 2766 (admonishing that courts not "blur the line separating prior restraints from subsequent punishments" for speech). The First Amendment guarantees "greater protection from prior restraints." *Id.* Indeed, the Supreme Court generally presumes prior restraints to be unconstitutional. *See Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975). Accordingly, courts must take steps to protect the integrity of the criminal justice process, giving "[f]reedom of discussion * * * the widest range" that is "compatible with the essential requirement of the fair and orderly administration of justice." *Pennekamp v. Florida*, 328 U.S. 331, 347, 66 S.Ct. 1029, 90 L.Ed. 1295 (1946).

That standard requires courts to navigate a narrow path. The Constitution gives them very limited authority to restrict the speech of the press and other outsiders to a given litigation. Speech by people outside the litigation generally may be abridged only if it presents a "clear and present danger to the administration of justice." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 844, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978); *see Bridges v. California*, 314 U.S. 252, 260–263, 62 S.Ct. 190, 86 L.Ed. 192 (1941).

As one jurist described it:

> In fact, court orders restraining speech about an ongoing criminal proceeding are presumptively unconstitutional. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 558, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). In this context, prior restraints can be imposed only if

narrowly tailored to redress sufficiently serious threats to the criminal justice process and if no less restrictive alternatives are available.

*United States v. Trump*, 88 F.4th 990, 1003–04 (D.C. Cir. 2023), reh'g denied, No. 23-3190, 2024 WL 252746 (D.C. Cir. Jan. 23, 2024)

Here, the United States would respectfully submit that there are less restrictive alternatives than placing a gag order on two Cabinet secretaries and, potentially, the President of the United States. This Court has already issued very reasoned and circumscribed orders that limit the public comment of the individuals involved in the case. Clearly, all of these actors are well within the ambit of the Court's power and, to date, all on the prosecution side (attorneys and agents) have abided by the Court's orders.

Notably, the cases that the Defendant cites in his brief all concern orders governing the conduct of the prosecutors and agents "assigned to this case or the related investigation." *See e.g. United States v. Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. July 26, 2023). (DE # 118, PageID #: 1332.) This illustrates the Government's point. This Court can—and already has—ordered the prosecutors assigned to the case and agents working on the case not make public comment concerning it. None have. None will. However, none of the cases that the Defendant cites stand for the proposition that this Court can enjoin the Attorney General of the United States or the Secretary of Homeland Security from making a public comment about something within their job responsibilities that is in an area of public concern. For the reasons cited above, the United States submits that this is appropriate.

More saliently, the Court has already ordered that a jury questionnaire be prepared and distributed to potential jurors. In a chambers conference, the Court had some important and thoughtful suggestions about how to measure a juror's media consumption and index how strong

(or how light) that consumption is as way to assess whether they will provide the Defendant a fair trial. This Court is already well practiced at individual *voir dire* for potential jurors with whom the Court needs to address concerns of bias or prejudice based on life experience. The United States would respectfully submit that those procedures can be used here and with substantial effect. The Defendant essentially argues that without prohibiting the Attorney General or the Secretary of Homeland Security from making public comments, the Defendant cannot get a fair trial. Not so. Indeed, this Court is already well positioned to verify that any juror who sits on the case does so free from bias or prejudice based on any comment about the case made by either a government official or one of the defense attorneys trying the case.

In conclusion, the relief requested by the Defendant is too broad and disconnected from the case law. There are substantial concerns about the First Amendment and the disfavored use of "prior restraint" when it comes to national leaders appointed by the President. For all of these reasons, the Defendant's Motion should be denied.

Respectfully Submitted,

*/s/ Robert E. McGuire*
ROBERT E. McGUIRE
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203

*/s/ Jason Harley*
JASON HARLEY
Task Force Vulcan