IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:25-cr-115 |
| KILMAR ARMANDO ABREGO GARCIA, | Judge Waverly D. Crenshaw, Jr. |
| *Defendant.* | |

**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S STATUS REPORT**

In accordance with the Court's Order entered on October 14, 2025 (Dkt. 162) and the Scheduling Order entered on August 7, 2025 (Dkt. 103), Defendant Kilmar Armando Abrego Garcia, by and through undersigned counsel, respectfully submits this status report and states as follows:

1. **Discovery on Mr. Abrego's Motion to Dismiss for Vindictive and Selective Prosecution and Preparation for the Evidentiary Hearing Scheduled for November 4 and 5**

Consistent with the Court's instructions during the status conference held on October 10, 2025, the defense has moved expeditiously to ensure that the parties remain on schedule for the evidentiary hearing on Mr. Abrego's Motion to Dismiss for Vindictive and Selective Prosecution set for November 4 and 5, 2025. (Dkts. 150, 167). Before the conference, the defense attempted to meet and confer with the government, which would not commit to producing meaningful discovery, notwithstanding the Court's order. As a result, three days after the conference, on October 13, Mr. Abrego filed a motion to compel the production of discovery relevant to his motion to dismiss for vindictive and selective prosecution. (Dkt. 159). That same day, the defense also sent a letter to the government identifying seven individuals whom we currently expect may

be witnesses at the evidentiary hearing, and asking the government to confirm whether it would require Mr. Abrego to issue subpoenas for those witnesses and/or provide any information required for compliance with any relevant government agency's *Touhy* regulations.[1] The government did not respond to that letter. But in a meet and confer held immediately after the October 10 status conference, the government indicated that it intended to move to quash subpoenas that Mr. Abrego may issue for hearing witnesses.

As of the filing of this status report, the government has not produced any discovery to the defense, responded to the defense's letter concerning potential witnesses, nor identified any other anticipated hearing witnesses. As a result, the defense is concerned that there will not be sufficient time for the government to collect discovery; for the government to then produce it, along with a privilege log, if any; for the defense to review the discovery; for the Court to resolve any disputes relating to privilege assertions; and for the Court to resolve any motions to quash hearing subpoenas that Mr. Abrego may issue, in advance of the evidentiary hearing scheduled for November 4 and 5, 2025. The defense continues to work expeditiously to comply with the hearing and trial schedules and appreciates the Court's attention to these matters.

2. **Mr. Abrego's Review of Discovery**

Since the defense's last status report filed on September 19 (Dkt. 124), the government has made three additional productions to the defense, one on September 30 and two on October 7. Defense counsel are continuing to review discovery with Mr. Abrego at Moshannon Valley Processing Center, where Mr. Abrego is currently detained. We have been permitted to bring a laptop to an in-person visit with Mr. Abrego to review electronic discovery. We have also been

---

[1] Because the government has not yet produced any discovery, our letter reserved the right to amend or supplement the witness list upon the government's production of discovery.

permitted to schedule longer in-person visits with Mr. Abrego in sufficiently private space, along with virtual visits by Zoom. The defense will apprise the Court of any changes to Mr. Abrego's ability to review discovery that warrant the Court's attention.

### 3. Defendant's Communication with Counsel

Mr. Abrego's communication with counsel has been effective for both Mr. Abrego and his counsel.

### 4. Impediments To Preparation for Trial

The defense currently does not anticipate any impediments to Mr. Abrego's preparation for trial.

### 5. Pretrial Motions

Pursuant to the Scheduling Order, Mr. Abrego filed three pretrial motions on October 10: a Motion to Suppress Traffic Stop and Fruits Thereof (Dkt. 151), a Motion to Suppress Fruits of Unlawful Arrest (Dkt. 155), and a Motion to Strike Surplusage from the Indictment (Dkt. 158).

### 6. Additional Issues for the Court

The defense has conferred with the government to address remaining discovery issues. One remaining issue concerns the government's refusal to collect recorded jail calls between the cooperating witnesses in this case, despite the fact that the government produced in discovery logs reflecting that certain of the government's cooperators spoke to each other, on recorded phone lines, during the process of proffering with the government. During the parties' meet and confer on October 3, the government informed the defense that it did not collect and preserve the jail calls, that it does not intend to do so, and that it is unsure if they still exist. On October 13, the defense sent a formal request to the government to collect these recorded jail communications, consistent with the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to ensure that these recorded communications are preserved for the relevant time

3

periods while this litigation is pending. The government has not yet responded to the defense's letter. If the parties reach an impasse on this issue, the defense may seek relief from the Court.

7. **Status Conference**

Pursuant to the Scheduling Order (Dkt. 103) and the Court's Order entered on September 22, 2025 (Dkt. 126), the defense understands that a status conference is currently scheduled for November 3, 2025, at 9:00 a.m., at which the government will ensure that Mr. Abrego appears in person. The Court also scheduled hearings on all pending pretrial motions on November 4 and 5, 2025, at 9:00 a.m. (Dkt. 167). Should the Court determine that a status conference is necessary, the defense respectfully requests that the conference be held on November 4 or 5.

Dated: October 17, 2025
      New York, New York

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker