UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-cr-00115 ) |
| KILMAR ARMANDO ABREGO GARCIA, | ) ) |
| Defendant. | ) ) |

# ORDER

As explained in the contemporaneously filed Memorandum Opinion, Defendant's Motion for Issuance of an Order requiring the Department of Justice and Department of Homeland Security Officials to Refrain from Making Prejudicial Statements (Doc. No. 118) is **GRANTED** to the extent that the Government and its employees must comply with Local Criminal Rule 2.01(a)(4).

Certain provisions of the Local Criminal Rules extend to governmental agency employees. See L. Crim. R. 2.01(a)(4). It does not appear those agency employees have been notified by counsel of record about those employees' obligation to adhere to the Local Rule. Mr. McGuire and Mr. Harley side-stepped the Court's Order to report what they had done to comply with Local Rule 2.01(a)(4). (Doc. No. 139 and 163). Implicit in Local Rule 2.01(a)(4) is an obligation on behalf of counsel of record to inform their "law firm(s) and government agencies or offices, and the partners and employees of such firms, government agencies or offices," about the requirements of Local Rule 2.01(a)(1) and (2). Therefore, within two (2) days of the date of this Order, Mr. McGuire and Mr. Harley shall provide a copy of this Order and Memorandum Opinion to all employees of the Department of Justice (DOJ) and the Department of Homeland Security (DHS), including the Attorney General and the Secretary of DHS.

Employees of DOJ and DHS are hereby on notice that they are prohibited from making any "extrajudicial statement (other than a quotation from or reference to public records) that the [individual] knows or reasonably should know will be disseminated by public communication that will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including especially that will interfere with a fair trial." L. Crim. R. 2.01(a)(1).

A non-exhaustive list of extra-judicial statements that "more likely than not to have a material prejudicial effect on a proceeding" include:

(i) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the attorney or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, an attorney associated with the prosecution may release any information necessary to aid in apprehension or to warn the public of any dangers presented;

(ii) The possibility of a plea of guilty to the offenses charged or to a lesser offense, the existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

(iii) The performance of any examination or tests or the accused's refusal or failure to submit to an examination or test;

(iv) The character, credibility, reputation, or criminal record of a party or the identity, testimony, or credibility of prospective witnesses, except that the attorney may announce the identity of the victim if the announcement is not otherwise prohibited by law;

(v) The identity or nature of physical evidence expected to be presented;

(vi) The fact that an accused has been charged with a crime, unless there is included therein a statement that the charge is merely an accusation and that the accused is presumed innocent unless and until proven guilty;

(vii) Any opinion as to the accused's guilt or innocence, or as to the evidence in the case; or

(viii) Information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial or that would, if disclosed, create a substantial risk of prejudicing an impartial trial.

L. Crim. R. 2.01(a)(2)(B). DOJ and DHS employees who fail to comply with the requirement to refrain from making any statement that "will have a substantial likelihood of materially prejudicing" this criminal prosecution may be subject to sanctions.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE