UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| KILMAR ARMANDO ABREGO GARCIA | ) | |
| Defendant. | ) | |

# ORDER

The Government provided an initial production of documents for *in camera* review as required by the Court's October 27th Order. (Doc. No. 186). However, the documents that were produced to the Court were not Bates-stamped. That makes it incredibly difficult for the Court to communicate which documents should be turned over to the defense and which should not. More importantly, it makes it almost impossible to create an appellate record. Accordingly, before **9:00 a.m. on October 30, 2025**, the Government shall deliver printed, Bates-stamped copies of all the documents they produced today by zip drive.

In a cover letter provided with the documents, the Government noted the quick turn-around between the Order requiring the production and the date of production. In that cover letter, the Government also noted there were no responsive documents for entire categories of information requested by the Court. The Court appreciates the challenge of identifying, cataloguing, and producing a wide array of documents, especially with tight deadlines and in the middle of a government shutdown. The Court also appreciates the Government's agreement to produce "any responsive documents after the deadline." McGuire Letter at 3. Indeed, the Court concurs that, the Government certainly has additional responsive documents such as: (1) all documents that

reflect individuals who directed the Government's change in position from "deport but not prosecute" to "prosecute and then deport"; and (2) all documents that reflect the circumstances that motivated that change in position. (Id.). The Government shall continue to solicit responsive documents and to provide additional, responsive documents to the Court on a rolling basis, as agreed.

Moreover, given the clarification in the letter that "on October 28, 2025, Agent VanWie provided a significant number of documents, almost all of which the undersigned (McGuire) did not previously have," it appears to the Court that Mr. McGuire should determine whether Agent VanWie's new documents should be provided to defense counsel under a protective order, if necessary. Accordingly, the Court directs the parties' counsel to meet and confer on production of the new VanWie documents.

In preparation for the evidentiary hearing, the Court will hold a counsel-only conference on **Friday, October 31, 2025 at 1:00 p.m.** At that time counsel can report on their meet and confer and other issues.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE