IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| | ) | |
| | ) | JUDGE CRENSHAW |
| | ) | |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

**PRE-HEARING BRIEF**

COMES NOW the United States of America, by and through Robert E. McGuire, Acting United States Attorney, and, pursuant to this Court's prior order (DE # 162) submits this brief prior to the evidentiary hearing scheduled for November 4-5, 2025. In that order, the Court asked the parties to comment on the following premises regarding the Defendant's Motion to Dismiss (DE #104): "(1) the burden of proof, including who bears what burden and when; and (2) whether vindictive prosecution case law creates a burden-shifting framework, and if so, how that framework operates." (DE # 162.)

   **I.     The Burden of Proof**

The United States respectfully submits the Defendant initially bears the burden of proof to establish either actual vindictiveness or a presumption of vindictiveness. The United States has previously submitted to this Court that the Defendant has done neither and respectfully re-asserts that position before this Court. However, the United States understands that this Court had already determined that the Defendant has carried his burden to establish a presumption of vindictiveness by the "Executive Official Defendants" largely based on public comments by senior government officials such as the Secretary of Homeland Security and the Deputy Attorney General. (DE # 138, PageID# 1519.) Moreover, this Court also suggested that it was possible that the Department of

1

Homeland Security had somehow prevailed on the Acting United States Attorney ("albeit unknowingly") to indict the defendant when he would not have been otherwise and that prospect also raised the specter of a vindictive prosecution. *Id* at 1524.

Once this Court determined that there was a presumption of vindictiveness then the burden is on the Government to produce "objective, on-the-record explanations" regarding the decision to prosecute in order to rebut the presumption. *United States v. Andrews*, 633 F.2d 449, 456 (6th Cir. 1980). The Government has already done that with two affidavits from the actual decisionmaker, the Acting U.S. Attorney, but has also accepted the defense subpoena, the Government has not sought to quash it, and Mr. McGuire will be present at the hearing and available to be called as a witness, or otherwise answer questions from the Court under oath. However, if he is not called by the defense and the Court asks him no questions, then the Court is already in receipt of two "objective, on-the-record explanations" from the lead prosecutor as contemplated in *Andrews*.

The case law in the Sixth Circuit is unclear regarding the standard the Court is to use when deciding whether the Government's "on the record" explanation is sufficient. In at least one case, the Sixth Circuit has held that a showing by the government that charges were brought (albeit in the superseding indictment context) based on new evidence, such a showing will "successfully rebut a showing of vindictiveness." *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001); *citing Andrews*, 633 F.2d at 456, fn 10. However, other circuits describe this showing as substantially lower: "the showing required to overcome the presumption of vindictiveness is admittedly minimal—any objective evidence justifying the prosecutor's actions will suffice." *United States v. Safavian*, 649 F.3d 688, 694 (D.C. Cir. 2011).

## II. The Burden Shifting Framework

Once that prosecutor has offered that objective evidence, then, according to federal case law, the burden shifts back to the defendant. "If the government produces evidence to rebut the presumption, the defendant must prove that the offered justification is pretextual and that actual vindictiveness has occurred." *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001). This is true in other circuits as well. *See e.g. Safavian*, 649 F.3d at 692 ("If the Government can produce objective evidence that its motive in prosecuting the defendant was not vindictive, then the defendant's only hope is to prove that the justification is pretextual and that actual vindictiveness has occurred."); *see also United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002); *Maddox v. Elzie*, 238 F.3d 437, 446 (D.C. Cir. 2001); *United States v. Meadows,* 867 F.3d 1305, 1311 (D.C. Cir. 2017).

Therefore, in the Sixth Circuit, and elsewhere, the fact that government has produced evidence to rebut the presumption is critical. Here, the government intends, in addition to the sworn affidavits already submitted, to produce evidence in the form of testimony which, taken together, establish that the investigation of human smuggling activities in this District and elsewhere, and the subsequent decision by the Acting U.S. Attorney to prosecute the defendant for his role in them was not vindictive: it was not based on personal animus or because the defendant had been successful in his previous civil claim but for legitimate public safety motivations.

## III. Argument

The United States submits that it has offered, and will offer again, "objective, on-the-record" explanations for the decision to prosecute. These reasons are not vindictive but based on the fact that the evidence shows that the defendant committed a serious crime and that the Government believes it can prove that he committed that crime beyond a reasonable doubt.

3

The reason the matter was not prosecuted in this district earlier was that the Acting United States Attorney first learned of the defendant's 2022 traffic stop on April 27, 2025. Even though the circumstances of the traffic stop were known to agents of Homeland Security Investigations in Baltimore prior to that date, the case has never been presented to the U.S. Attorney's Office in the Middle District of Tennessee and no statements by co-conspirators had been obtained prior to late April 2025. Three of those co-conspirators testified for the first time in federal grand juries in Tennessee and Texas in May of 2025. These statements, which had not been previously obtained, were in addition to the Body Worn Camera footage of the traffic stop and provide critical information about the identity of the passengers as illegal aliens and that the defendant was transporting those aliens for profit. In short, new evidence was obtained by investigators in late April 2025 that was not available earlier. The United States respectfully submits that this would be the kind of new evidence that would, pursuant to *Suarez* and *Andrews*, successfully rebut a presumption of vindictiveness finding to say nothing of the fact that the prosecutor who decided to charge the case did not know of its potential existence until April 27, 2025.

Once the United States establishes this at the evidentiary hearing, the Government would submit that, pursuant to the relevant case law, the burden would then shift back to the defense to show that the proffered reasons were pretextual and that "actual vindictiveness has occurred".

## CONCLUSION

Based on the foregoing, and after the evidentiary hearing before this Court, the United States submits that the defendant's Motion to Dismiss the Indictment as vindictive should be denied.

Respectfully Submitted,

 */s/ Robert E. McGuire*
ROBERT E. McGUIRE

Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203

*/s/ Jason Harley*
JASON HARLEY
Task Force Vulcan