UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No. 3:25-CR-00115 |
| ) | |
| KILMAR ARMANDO ABREGO ) | |
| GARCIA, ) | |
| ) | |
| DEFENDANT. | |

## UNITED STATES' REPLY IN SUPPORT OF
## MOTION TO QUASH SUBPOENAS

"[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). The Court should quash Defendant's subpoenas, which seek to compel the Deputy Attorney General (the second-in-command at the Department of Justice) and two of his deputies to testify at the upcoming hearing concerning Defendant's claim of vindictive prosecution. Defendant's subpoenas are contrary to this Court's provision for a "narrow scope of discovery," DE #138 at 15, and, more fundamentally, they violate bedrock principles of executive privilege and the separation of powers. What's more, they do so needlessly. The United States continues to preserve its position that the opinions of the Deputy Attorney General's Office are neither a basis for nor relevant to a vindictive prosecution claim where (as here) the U.S. Attorney makes an independent charging decision. *See, e.g.*, *Maddox v. Elzie*, 238 F.3d 437, 447 (D.C. Cir. 2001) (refusing to impute an alleged vindictive motive to a different "independent decision maker"). But, in any event, the Acting U.S. Attorney for this District has already stated under oath that he received no direction from the Deputy Attorney

1

General or his office or anyone else in DOJ on the decision to prosecute—so that the Government has already addressed the issue on which Defendant seeks discovery. DE # 121-1, 178-1.

**The testimony of Deputy Attorney General Blanche, Acting Principal Associate Deputy Attorney General McHenry, and Associate Deputy Attorney General Singh is irrelevant and cumulative.** As the United States has already explained at length, a subpoena must be quashed where, as here, the proponent of the subpoena cannot show that it seeks relevant, material, and non-cumulative information. *See* DE #181 at 2–4.

Defendant cannot make that showing. The Court has described the issue before it as whether the Government can "rebut[ ] [a] presumption" of vindictive prosecution. DE #138 at 15. And Acting U.S. Attorney McGuire, the official responsible for that prosecution, has stated under oath that did not have any communications with the Deputy Attorney General or Mr. McHenry concerning the initiation of Defendant's prosecution and only limited pre-indictment communication with Mr. Singh. *See* DE #181 3–4; DE #178-1. Acting U.S. Attorney McGuire will be at the hearing (as will Special Agents VanWie and Saoud). But given that undisputed evidence shows that there is *no link* between the Office of the Deputy Attorney General and the decision to prosecute, there is no basis for subpoenas seeking to compel testimony from high-ranking officials in that office, including the Deputy Attorney General himself.

Contrary to Defendant's suggestion, the Court has not yet addressed this argument. DE #193 at 4–5. In its October 27 Order, the Court concluded that the Acting U.S. Attorney's motivations were not necessarily the sole relevant motivations, because the motivations of those "who place[d] the file on" his desk "are highly relevant." DE #185 at 2. Whatever light testimony from Special Agents VanWie and Saoud—who, again, will be at the hearing—might shed on that issue, testimony from the Deputy Attorney General and his Associates is irrelevant to it because

2

no one from the Deputy Attorney General's Office placed the file on Acting U.S. Attorney McGuire's desk or otherwise provided direction to him concerning whether to seek an indictment (and even if they had, Acting U.S. Attorney McGuire could testify about those communications). The subpoenas should be quashed for that reason alone. *See United States v. Hughes*, 895 F.2d 1135, 1145–46 (6th Cir. 1990) (affirming quashal of a subpoena that failed to meet Rule 17's requirements of "relevance, admissibility, and specificity").[1]

**Testimony from the Deputy Attorney General and his Associates concerning the reasons for Defendant's prosecution is shielded by executive privilege.** The Supreme Court has long cautioned that inquiry "into 'executive motivation'"—like the motivation to prosecute— "represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019). Any purported discussion concerning whether to prosecute the defendant would also be shielded by the deliberative process privilege, attorney-client privilege, and other privileges. *See generally* DE #181 at 3–6; DE #178; *see also FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (defining bounds of common law deliberative process privilege); *Karnoski v. Trump*, 926 F.3d 1180, 1203–07 (9th Cir. 2019) (vacating discovery orders on writ of mandamus because district court did not adequately consider, among other things, deliberative process privilege).

It is no answer to say, as Defendant does, that the subpoenas are justified because the Court has concluded that he has shown some evidence of vindictiveness. DE #193 at 4–5.[2] Defendant

---

[1] Defendant has stated that he will withdraw subpoenas for Mr. McHenry, Mr. Singh, and "any other relevant witness" if "document discovery reveal[s]" that the witness was "not involved." DE# 193 at 8 n.4. That is what the evidence shows. If Defendant does not keep his promise to withdraw the subpoenas, this is a further reason to quash.

[2] This Court rejected a blanket claim of privilege on this basis, reserving application of privileges to specific communications. DE #185 at 4–7. For the reasons stated in the text, Defendant cannot pierce the privileges with respect to the challenged subpoenas.

3

has still failed to comply with other important safeguards essential to the separation of powers, including the requirement that the subpoena set out with specificity the information it seeks. *See Cheney v. U.S. Distr. Ct. for D.C.*, 542 U.S. 367, 387 (2004) ("The very specificity of the subpoena requests serves as an important safeguard against unnecessary intrusion into the Office of the President."). And, in any event, there is no basis for piercing the privileges here, where the evidence establishes that neither the Deputy Attorney General nor anyone in his Office directed Acting U.S. Attorney McGuire's decision to prosecute.

**The Apex Doctrine precludes compelling the testimony of high-ranking DOJ Officials.** Compelling the testimony of top-level officials is generally barred as such officials are at the "apex" of their agencies. *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *In re United States*, 197 F.3d 310, 313 (8th Cir. 1999). Thus, "absent extraordinary circumstances," top-level Executive officials cannot "be called to testify regarding their reasons for taking official actions." *Time Recorder Co.*, 766 F.2d at 586; *In re Dep't of Educ.*, 25 F.4th 692, 699–705 (9th Cir. 2022) (questioning whether a subpoena "inappropriately breached the barrier separating one co-equal branch of the federal government from another"); *Matter of Commodity Futures Trading Comm'n*, 941 F.3d 869, 872 (7th Cir. 2019). And they certainly may not be compelled to testify unless they hold information that is *not* available from an alternate source. *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) ("The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere."); *see also In re United States (Kessler),* 985 F.2d 510, 513 (11th Cir. 1993); *In re FDIC,* 58 F.3d 1055, 1062 (5th Cir. 1995). For nearly a century, courts have followed this apex doctrine, which shows "respect for the functions of the other branches," *Webster v. Doe*, 486 U.S. 592, 609 (1988) (Scalia, J., dissenting), and prevents interference with their work, *In re Dep't of Educ.*, 25 F.4th at 703 n.3.

Courts have zealously applied this rule to protect the separation of powers, including through the extraordinary writ of mandamus. *See, e.g.*, *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re USA*, 624 F.3d 1368, 1372–77 (11th Cir. 2010). As one example, the Eighth Circuit issued mandamus to block the depositions of the Attorney General and Deputy Attorney General in a death penalty case because the record contained an affidavit concerning the relevant facts. *In re United States*¸ 197 F.3d at 314.

This case calls for the same result. The Deputy Attorney General—the Department's Number 2—is plainly a high-ranking official protected by the apex doctrine. *See id.* at 314 ("It is not disputed here that the Attorney General and the Deputy Attorney General are high government officials."). The same is true for his Acting Principal Associate (Mr. McHenry) and his Associate (Mr. Singh), both of whom are core members of the leadership within the Deputy Attorney General's office. *See Low v. Whitman*, 207 F.R.D. 9, 12 (D.D.C. 2002) (extending the doctrine to the Deputy Chief of Staff of the Environmental Protection Agency). And because the Acting U.S. Attorney can provide, has provided, and will continue to provide under oath information concerning the extent to which the Deputy Attorney General and his subordinates communicated with his office concerning Defendant's prosecution, DE #181 at 3–4; DE #178-1, Defendant cannot show a need for the personal testimony from the Deputy Attorney General or his leadership team.

### Conclusion

The Court should quash each of the challenged subpoenas. If the Court declines to do so, the United States respectfully requests that the Court stay enforcement of the subpoenas to allow the United States time to protect its interests and seek review in the court of appeals.

Respectfully submitted,

*/s/ Stanley. E. Woodward, Jr.*
Stanley E. Woodward, Jr.*
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

*Application for Admission to the Middle District of Tennessee pending*

*/s/ Robert E. McGuire*
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203

*/s/ Jacob Warren*
Jacob Warren
Co-Director, Task Force Vulcan

*/s/ Christopher Eason*
Christopher Eason
Co-Director, Task Force Vulcan

*/s/ Jeremy Franker*
Jeremy Franker
Deputy Director, Task Force Vulcan

*/s/ Jason Harley*
Jason Harley
Task Force Vulcan

6