# UNITED STATES DISTIRCT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,    | ) |                    |
|                              | ) |                    |
| v.                           | ) |                    |
|                              | ) | No. 3:25-CR-00115  |
| KILMAR ABREGO GARCIA,        | ) |                    |
|                              | ) |                    |
| Defendant.                   | ) |                    |

## UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S OCTOBER 27, 2025 ORDER

The United States respectfully asks that the Court reconsider and vacate its October 27, 2025 Order (DE #183), insofar as that Order requires the United States to notify "all employees of the … Department of Homeland Security (DHS)" rather than only those employees who are involved with this matter and authorized to speak on behalf of DHS about it. DHS has already notified those employees involved with this matter and authorized to speak on its behalf concerning this matter, and it has provided the Court's order and opinion to those employees.

But to the extent the notice requirement sweeps more broadly, reconsideration is appropriate because this Court's Order compelling the United States to notify nearly 300,000 DHS employees—many of whom are in subagencies like the Federal Emergency Management Agency (FEMA), Transportation Security Administration (TSA), U.S. Secret Service (USSS), and the U.S. Coast Guard—about a rule that has no bearing on them creates a risk of confusion among DHS's employees, blunts DHS's ability to communicate urgent issues to its employees by overwhelming them with information that is irrelevant to them, and sweeps beyond this Court's inherent power to craft ancillary measures to enforce its orders.

## Applicable Standards

This Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" and "may modify, or even rescind, such interlocutory orders." *United States v. Riley*, No. 3:17-cr-00012-1, 2018 WL 9414021, at *2 (M.D. Tenn. Dec. 11, 2018) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

Federal courts have "certain implied powers" resulting "from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)). But "because of their very potency," these "inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Indeed, "to fall under the category of 'inherent powers' vested in Article III courts, a power must be *necessary* to the court's function." *In re Univ. of Michigan*, 936 F.3d 460, 465 (6th Cir. 2019) (emphasis added) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994)).

## Analysis

The October 27, 2025, Order notified the United States that it must comply with this Court's Local Criminal Rule 2.01 governing extrajudicial statements. As relevant here, the Order purports to require the United States to notify roughly 300,000 DHS employees, almost all of whom have no involvement in this litigation, about this local rule. That directive far exceeds the Court's inherent power to issue directives to ensure compliance with its orders by effectively enjoining a federal agency with almost 300,000 employees to notify every one of them about a matter with which they have no involvement, and goes far beyond what is necessary to ensure that agency lawyers and employees who are authorized to speak about the matter comply with Local Criminal Rule 2.01. Indeed, those employees have already taken notice of the Order.

Enjoining DHS to notify its hundreds of thousands of employees about litigation that is unrelated to their duties would interfere with established notification procedures and distract the nearly 300,000 DHS employees operating throughout the country by flooding their inbox with irrelevant information. FEMA, TSA, USSS, and U.S. Coast Guard employees, for example, have no interest in this prosecution, and there is no rational basis for this Court to command the United States to notify them about a local court rule. To require that notification would only confuse those employees—a Coast Guard officer conducting drug interdiction off the coast would be confused as to why she is receiving an order concerning a local rule in this landlocked District. And, moreover, if such notification requirements were imposed more broadly, the resulting flood of messages would harm DHS's ability to communicate effectively with its employees concerning the matters that they concern them—*i.e.*, the matters relevant to that employee's duties. The notice component of the Order is, in other words, harmful to DHS.

## Conclusion

The Court should reconsider and vacate its October 27, 2025 Order insofar as that Order requires the United States to notify "all employees of the … Department of Homeland Security (DHS)" rather than only those employees who are involved with this matter and authorized to speak on behalf of DHS about it.

[SIGNATURE BLOCK NEXT PAGE]

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

*/s/ Robert E. McGuire*
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203

*/s/ Jason Harley*
Jason Harley
Trial Attorney, Task Force Vulcan
*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel of record via CM/ECF on November 5, 2025.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
