IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S NOTICE OF FILING OF LETTER REGARDING COLLECTION OF DOCUMENTS RELEVANT TO DISCOVERY ON VINDICTIVE AND SELECTIVE PROSECUTION**

On October 31, 2025, the Court ordered the government to supplement and complete its production of documents in relation to Mr. Abrego's motion to dismiss for vindictive and selective prosecution by November 14, 2025. (Dkt. 206 at 5, 7, 9; Dkt. 208). The Court also instructed the government that it "should be ready to at least explain to the Court that at a minimum [the government has] engaged in the conduct and the search necessary to show a good faith due diligence to find documents." (Dkt. 206 at 19-20). On November 14, 2025, the government made a supplemental production, filing "documents bearing Bates Stamp No. 1061 through 3105" under seal for *in camera* review. (Dkts. 224, 225, 226, 227). The defense now writes to raise two issues relating to the government's collection process and any *ex parte* communications regarding the same.

*First*, we understand that the Court has been reviewing the government's discovery productions *in camera* and intends to issue a ruling on the documents to be produced to the defense. And, as it previewed at the October 31 court conference, the government should be prepared to explain how it approached its document search and collection in a "business-like manner, in a good

faith effort to comply" with the Court's discovery orders. (Dkt. 206 at 20; *see* Dkts. 186, 191, 208). To aid in that review, the defense is providing the Court with a letter we sent to the government outlining the minimum contents that any memorialization of its collection and review methods should contain. (*See* Ex. A, November 7, 2025 Letter from S. Hecker to R. McGuire). To date, the government has not responded to this letter, and has been unwilling to explain its collection process or even communicate with the defense about basic questions regarding its collection of discovery material when we raised these issues in a prior meet-and-confer conference.

*Second*, to the extent the government has explained its collection and review methods to the Court in *ex parte* form, Mr. Abrego respectfully requests that such documentation be provided to the defense. *Ex parte* communications are "strongly discouraged" in "all but the most exceptional circumstances," and the Sixth Circuit "has not concealed its strong disapproval of ex parte approaches in criminal cases." *United States v. Carmichael*, 232 F.3d 510, 517 (6th Cir. 2000). Although the government has over the course of this litigation frequently (and erroneously) invoked various privileges to justify its unwillingness to produce documents, information about the government's document collection process, or the categories of documents it has produced to the Court for its review, is not privileged. *See, e.g.*, *Ruiz-Bueno v. Scott*, No. 12 Civ. 809, 2013 WL 6055402, at *4 (S.D. Ohio Nov. 15, 2013) ("[T]here is a vast difference between describing, factually, what a party has done to comply with a document request, and revealing discussions between counsel and the client about that process."); *Ferring v. Fera Pharms., LLC*, No. 13 Civ. 4640, 2016 WL 5396620, at *3 (E.D.N.Y. Sept. 27, 2016) (holding that "search terms and list of document production topic areas" are not entitled to work-product privilege where the opposing party "is entitled to know the methodology and manner of the ESI production undertaken by" the producing party (quotations omitted)). Nor are there "compelling state interests" that would justify

the government engaging in *ex parte* communications on this subject. *See United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992) (quotations omitted).[1]

Given that the purpose of this process is to adjudicate Mr. Abrego's claim of government misconduct, and the government has already attempted to escape its discovery obligations by "relitigat[ing]" the Court's decision granting Mr. Abrego discovery relevant to "the question of vindictiveness" (Dkt. 185 at 1-2), disclosure of any *ex parte* communications on foundational issues of document collection is critical to enable the defense to assess the government's efforts to produce the discovery to which Mr. Abrego is entitled, to safeguard his rights, and to preserve the fairness of this proceeding.

We appreciate the Court's consideration of these issues.

Dated: November 17, 2025  
      New York, New York

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker*  
Jenna M. Dabbs*  
David Patton*  
HECKER FINK LLP  
350 Fifth Avenue, 63rd Floor  
New York, NY 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
shecker@heckerfink.com  
jdabbs@heckerfink.com  
dpatton@heckerfink.com

* admitted *pro hac vice*

---

[1] On or before October 29, 2025, the government appears to have sent a letter to the Court claiming that there were no responsive documents for categories of discovery ordered by the Court and requesting an extension to produce "any responsive documents after the deadline" originally set for noon on October 29, 2025. (Dkt. 191 at 1). The defense never received a copy of this letter, and we can discern no "compelling state interests" justifying the government communicating its request for an extension and a notice about its compliance with a court order *ex parte*. *See Minsky*, 963 F.2d at 874 (quotations omitted). To the extent the government transmitted any correspondence to the Court on or around its November 14 production deadline, the defense has not received copies of that correspondence either.

Rascoe Dean (No. 034209)
S‌HERRARD R‌OE V‌OIGT & H‌ARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker