IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S
SUBMISSION REGARDING WITNESS AND EXHIBIT LISTS FOR
UPCOMING EVIDENTIARY HEARING ON VINDICTIVE AND
SELECTIVE PROSECUTION**

Pursuant to the Court's Order dated November 3, 2025, Defendant Kilmar Armando Abrego Garcia submits the following notice regarding witnesses and exhibits in advance of the forthcoming evidentiary hearing on his motion to dismiss for vindictive and selective prosecution, currently set for December 8 and 9, 2025. (*See* Dkt. 208 at 1). Given that the government's motion to quash subpoenas issued by the defense remains pending, and the defense is awaiting the production of meaningful discovery,[1] the defense is not currently in a position to identify witnesses or exhibits for the evidentiary hearing.

As detailed in Mr. Abrego's pre-hearing brief, (*see* Dkt. 195 at 1-3), because Mr. Abrego has established a presumption of vindictiveness, Mr. Abrego has no burden to present any evidence so long as the government has failed to rebut that presumption. *See Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001) ("If the government fails to present evidence sufficient to rebut the presumption, the presumption stands and the court must find that the prosecutor acted vindictively."); *United States v. Zakhari*, 85 F.4th 367, 379 (6th Cir. 2023) ("Once a reasonable likelihood is found, a presumption arises in defendant's favor and the government must rebut it with objective, on-the-record explanations." (internal quotation marks omitted)). And though Mr. Abrego has no obligation to prove actual vindictiveness, the government continues to stonewall the defense's efforts to obtain the necessary documents or call the very witnesses whose testimony would be necessary to do so. The government has stymied defense counsel's ability to even assess whether it has properly collected and reviewed documents responsive to the Court's orders

---

[1] On October 22, the government produced only two documents—former Criminal Division Chief Ben Schrader's resignation letter and the email attaching said letter—to the defense in response to the Court's October 3 order granting Mr. Abrego discovery on his motion to dismiss for vindictive and selective prosecution. (*See* Dkt. 140). Although docket entries appear to suggest that the government has provided the Court with more than 3,000 pages of documents for *in camera* review, Mr. Abrego has received no discovery from the government in response to the Court's October 27 order granting Mr. Abrego's motion to compel. (*See* Dkts. 224-227, 229; *see also* Dkt. 186).

granting Mr. Abrego discovery on this motion. (*See* Dkts. 228, 228-1). And the government continues to show that it is willing even to mislead the courts regarding the practicability of Mr. Abrego's removal to the country of his choice, Costa Rica, to exact punishment against Mr. Abrego. (*See* Dkt. 230 at 3-4).

The defense understands that the government intends to call Supervisory Special Agent John VanWie of HSI Baltimore and Special Agent in Charge Rana Saoud of HSI Nashville to testify at the evidentiary hearing. (*See* Dkt. 196 at 1).[2] The defense has issued subpoenas to three DOJ witnesses: Deputy Attorney General Todd Blanche, Acting Principal Associate Deputy Attorney General James McHenry, and Associate Deputy Attorney General Aakash Singh. (Dkt. 217-1). The government has moved to quash those subpoenas. (Dkt. 181). That decision is, of course, the government's to make. But the status quo of continued vindictiveness, including the government misleading the court in the District of Maryland about Costa Rica's willingness to accept Mr. Abrego as a refugee (*see* Dkt. 230 at 3-4), only further cements the reality that the government cannot rebut the presumption of vindictiveness with just the testimony of two supervisory DHS special agents, Mr. VanWie and Ms. Saoud, especially when the Court has already found a realistic likelihood that this indictment was the result of the vindictiveness of

---

[2] The defense also understands that the government no longer intends to call Acting U.S. Attorney Rob McGuire, instead asserting that Mr. McGuire "will obviously be present in court during the hearing and fully expects to be called by the defense as a witness." (Dkt 196 at 2). The defense takes no position, at this time, on whether it intends to call Mr. McGuire. But under controlling Sixth Circuit law, the government bears the burden to provide "objective, on-the-record explanations," *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (internal quotation marks omitted), that will be "formally presented and tested" at an adversarial hearing, and Mr. McGuire's affidavits fail to meet those requirements. *United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) (internal quotation marks omitted); *see also Zakhari*, 85 F.4th at 383 ("By relying on unsupported assertions without permitting [the defendant] to test them, the court abused its discretion."). If the government intends to provide proof of Mr. McGuire's intent in bringing this prosecution—whatever negligible value that may have in rebutting the presumption, as the Court has already observed (Dkt. 138 at 10-12; Dkt. 185 at 2-3)—it must do so by calling Mr. McGuire as a witness.

"senior DOJ and DHS officials." (Dkt. 138 at 13; *see also* Dkt. 193 at 10-11; Dkt. 230 at 4-5 (arguing that the government's misrepresentations to Judge Xinis about whether Costa Rica would accept Mr. Abrego confirm that the retaliatory animus toward Mr. Abrego originates at the highest levels of DOJ and DHS)).

Based on the current record available, the defense is not in a position to identify witnesses or exhibits for the evidentiary hearing. Upon resolution of the motion to quash and the production of discovery to the defense, defense counsel will submit witness and exhibit lists as soon as practicable to the Court in advance of the hearing.

Dated: December 1, 2025  
       New York, New York

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker*  
Jenna M. Dabbs*  
David Patton*  
HECKER FINK LLP  
350 Fifth Avenue, 63rd Floor  
New York, NY 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
shecker@heckerfink.com  
jdabbs@heckerfink.com  
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)  
SHERRARD ROE VOIGT & HARBISON PLLC  
1600 West End Avenue, Suite 1750  
Nashville, Tennessee 37203  
Telephone: (615) 742-4200  
Fax: (615) 742-4539  
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker