# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**MEMORANDUM OF LAW REGARDING SEALING
MEMORANDUM OPINION AND ORDER (DKT. 241)**

The Court seeks the parties' positions on whether the Court's Memorandum Opinion and Order granting Mr. Abrego "discovery relevant to his motion to dismiss for vindictiveness and selective prosecution" should remain under seal following the production of the documents discussed in that Order.[1] (*See* Dkt. 241 at 1, Dkt. 260). The Court's caution in waiting to file the Order publicly in order to provide the government an opportunity to demonstrate grounds for sealing or to appeal the Court's decision or move for reconsideration was warranted. But now that the Court has ruled on the motion for reconsideration and the government has produced the documents to the defense, litigation on the government's privilege assertions relating to these documents is complete. Accordingly, there is no legal basis to continue to seal the Court's order, which is subject to a strong presumption of public access.

There is a "long-established legal tradition" of "the presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). Because of this, the Sixth Circuit has "long recognized a 'strong presumption in favor of openness' regarding court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of court records." *In re Knoxville*, 723 F.2d at 476. Critically, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). And even when compelling reasons for sealing exist, the sealing must be narrowly tailored to serve that purpose. *Id.* (citing *Press Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). The

---

[1] The analysis of the Court's order is essentially identical to the sealing analysis with respect to the briefing on the government's motion for reconsideration (Dkts. 245, 247), which should also be unsealed.

1

proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). The district court, in turn, must provide "specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

Going back decades, courts have singled out preservation of the integrity of court proceedings—particularly in criminal cases—as a key reason for the strong presumption in favor of public access. In *Richmond Newspapers*, the Supreme Court observed that proceedings conducted in private may "undermine public confidence," because the public will not understand the result and thus may "cause a reaction that the system at best has failed and at worst has been corrupted." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980). Instead, "[t]o work effectively, it is important that society's criminal process satisfy the appearance of justice,…and the appearance of justice can best be provided by allowing people to observe it." *Id.* at 571-72 (internal citations and quotation marks omitted); *see also Brown & Williamson*, 710 F.2d at 1180 (observing that "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption"). There is an even stronger public interest in proceedings and court records when they address potential government misconduct. *See, e.g.*, *Wash. Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991) (access to judicial proceedings "serves an important function of monitoring prosecutorial…misconduct"); *Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626, at *3 (2d Cir. Dec. 20, 2022) ("[T]here is a strong public interest in the manner in which criminal cases are conducted, including the handling of any allegations of prosecutorial misconduct during the discovery phase of the case."). And the intense public interest in this case further underscores the strength of the presumption in favor of access to the Court's

order. *See In re Special Proceedings*, 842 F. Supp. 2d 232, 235 (D.D.C. 2012) (observing that the government, after trying "the defendant in the most public manner possible," cannot seek to "turn this public proceeding into a private one" during ensuing ethics investigation of the prosecutors (emphasis omitted)).

Balanced against these strong arguments favoring unsealing are only vague and conclusory claims of potential harm to the government. The government has not and cannot provide the type of specific and compelling showings of harm required to overcome the public's strong right of access to the Court's order. Witness safety is not a concern. The privacy of the government personnel discussed therein is not at issue, as they have already been mentioned numerous times in public filings in this case. The parties' decision to exchange discovery pursuant to the existing protective order does not require that the Court's order remain sealed. *Brown & Williamson*, 710 F.2d at 1181 ("The public has an interest in ascertaining what evidence and records the District Court…ha[s] relied upon in reaching [its] decision[]."). And while the government will undoubtedly seek to continue to shield its decision-making processes from the public, as the Court has already observed, where a defendant has made out a *prima facie* case of vindictiveness, such considerations must give way. (*See, e.g.*, Dkt. 185 at 5-7, Dkt. 241 at 8). So too here: Under basic sealing principles, the public is entitled to the Court's determinations regarding that discovery's relevance to Mr. Abrego's motion.

3

Case 3:25-cr-00115     Document 264     Filed 12/17/25     Page 4 of 6 PageID #: 4537

Dated: December 17, 2025
      New York, New York

Respectfully submitted,

/s/ *Sean Hecker*
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

5

# CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102; Associate Attorney General Stanley E. Woodward, Jr., 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

/s/ Sean Hecker