# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cr-00115 |
| KILMAR ARMANDO ABREGO GARCIA, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the government's Motion to Quash Defendant Kilmar Armando Abrego Garcia's ("Abrego") subpoenas for Deputy Attorney General Todd Blanche ("Blanche"), Acting Principal Associate Deputy Attorney General James McHenry ("McHenry"), and Associate Deputy Attorney General Aakash Singh ("Singh") to testify at the evidentiary hearing on the Government's motivations for charging Abrego. (Doc. No. 181; see Doc. No. 217-1).

The import of the government's Motion (Doc. No. 181) is within the procedural framework from which it arises. The government's Motion (Doc. No. 181) is related to Abrego's Motion to Dismiss for Vindictive and Selective Prosecution (Doc. No. 104). Abrego's Motion (Doc. No. 104) questions whether he is being denied due process because the government is vindictively prosecuting him.

The burden-shifting framework controls the Court's analysis. Specifically, once a defendant establishes a *prima facie* showing of vindictiveness, "a presumption arises in defendant's favor[.]" United States v. Zakhari, 85 F.4th 367, 379 (6th Cir. 2023). The Court has already found that Abrego has made such a showing, entitling him to discovery and an evidentiary hearing on why the government is prosecuting him. (See Doc. No. 138 at 15). Given this, the burden has shifted to the government to "rebut [the presumption] 'with objective, on-the-record

explanations'" for charging Abrego, "'such as governmental discovery of previously unknown evidence or previous legal impossibility.'" Zakhari, 85 F.4th at 379 (quoting United States v. LaDeau, 734 F.3d 561, 566 (6th Cir. 2013) (citation and quotations omitted)); see United States v. Andrews, 633 F.2d 449, 456 (6th Cir. 1980) ("only objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness"). Whether the government can produce such evidence is critical, for "[i]f the government fails to present evidence sufficient to rebut the presumption, the presumption stands and the court must find that the prosecutor acted vindictively[,]" leading to "dismissal of the charges or other appropriate remedies." Bragan v. Poindexter, 249 F.3d 476, 482 (6th Cir. 2001) (citing United States v. Meyer, 810 F.2d 1242, 1245, 1249 (D.C. Cir. 1987)). However, "[i]f the government produces evidence to rebut the presumption, the defendant must prove that the offered justification is pretextual and that actual vindictiveness has occurred." Id. (citing Meyer, 810 F.2d at 1249).

Because Abrego has already affirmatively satisfied the threshold question of whether he is entitled to a presumption that his prosecution is vindictive, his subpoenas of Blanche, McHenry, and Singh serve to support the third step of the vindictive prosecution inquiry, *i.e.*, whether he can establish pretext and actual vindictiveness. (See Doc. No. 240 at 1). But, as Abrego emphasizes, to get there requires the government to successfully rebut the vindictiveness presumption Abrego is entitled to. (See Doc. No. 138 at 15); see also Bragan, 249 F.3d at 482; Zakhari, 85 F.4th at 379. According to Abrego, the Government has already shown that it cannot do so, given what Abrego asserts to be troves of evidence in the record indicating that his prosecution is actually vindictive. (See Doc. No. 275 at 11–15). Based on this record, Abrego argues that the Court could rule on his Motion (Doc. No. 104) without an evidentiary hearing or the testimony of Blanche, McHenry, and Singh. (See id.). Nevertheless, the government asserts it can rebut the presumption, and that the

2

evidence does not show actual vindictiveness. To rebut the presumption, the government intends to rely on the testimony of Supervisory Special Agent John VanWie ("SA VanWie") of Homeland Security Investigations ("HSI") Baltimore and Special Agent Rana Saoud ("SA Saoud") of HSI Nashville, and, perhaps, the testimony of Assistant U.S. Attorney Robert McGuire. (See Doc. No. 196 at 1).

Considering this landscape, and Abrego's insistence that the current record alone warrants dismissal in his favor, whether the Court needs to hear testimony from Blanche, McHenry, and Singh, is questionable. Still, for the sake of thoroughness and to make sure that all parties are fully heard, the Court finds it prudent to proceed with an evidentiary hearing on Abrego's Motion (Doc. No. 104). In doing so, it will limit the hearing to *only* the second step of the prosecutorial vindictiveness analysis: whether the government can produce objective, on-the-record explanations for Abrego's prosecution that rebuts the presumption of vindictiveness. LaDeau, 734 F.3d at 566. If the government can rebut that showing, the Court will revisit the government's Motion to Quash (Doc. No. 181), as the burden will again shift back to Abrego to establish that the government's rationale for prosecuting him is pretextual and that his prosecution is actually vindictive. See Bragan, 249 F.3d at 482. This shift may make the appropriateness of Abrego's subpoenas of Blanche, McHenry, and Singh a pertinent inquiry. If the government fails to carry its burden at the evidentiary hearing, however, the Court need not resolve the government's Motion (Doc. No. 181) on the merits, as the government's Motion to Quash (Doc. No. 104) would be granted without need for any further discovery. See Bragan, 249 F.3d at 482 (if government fails to rebut a presumption of vindictiveness, dismissal or other remedies are appropriate).

Accordingly, the government's Motion (Doc. No. 181) is **RESERVED** pending the evidentiary hearing on whether the government can rebut Abrego's *prima facie* showing of a

realistic likelihood of vindictiveness. The trial scheduled for January 27, 2026, is CANCELLED. The evidentiary hearing will occur at 9:00 a.m. on Wednesday, **January 28, 2026**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE